MOREY *v.* CITY OF BATTLE CREEK.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — NO LIABILITY WHERE EMPLOYEE INJURED GOING TO AND FROM WORK. Employees injured in going to and leaving the place of employment, with certain exceptions, are not entitled to compensation therefor under the workmen's compensation act.[1]

2. SAME—PRINCIPAL NOT LIABLE FOR DEATH OF EMPLOYEE OF CONTRACTOR WHERE IT WOULD NOT HAVE BEEN LIABLE HAD DECEASED BEEN EMPLOYED DIRECTLY. Where a city would not have been liable, under the workmen's compensation act, for the accidental death of a workman if employed directly by it, because he was accidentally killed after he had been dismissed for the day and while on his way home, Act No. 173, Pub. Acts 1921, is not applicable to render the city liable where the deceased was an employee of an independent contractor, who was not subject to said law, who had a contract with the city, in the execution of which deceased was employed.[2]

Certiorari to Department of Labor and Industry.

[1] Workmen's Compensation Acts, §§ 68, 75; [2] Id., § 41 (1926 Anno.)

On injury to employee received while on the street, as arising out of and in the course of the employment, see notes in L. R. A. 1916A, 314; L. R. A. 1917D, 114; L. R. A. 1918F, 911.

Submitted January 7, 1925.    (Docket No. 29.)    Decided April 3, 1925.

Rena Keagle-Morey presented her claim for compensation against the city of Battle Creek for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant brings certiorari.    Reversed, and order vacated.

*John A. Wagner,* City Attorney, for appellant.

*E. E. Storkan* and *C. S. Carney,* for appellee.

BIRD, J.    Henry Keagle, the deceased husband of plaintiff, was employed by Clarence Avery to drive one of his working teams.    Clarence Avery had a contract relation with the city of Battle Creek, which bound him to furnish it teams and drivers as needed, at 85 cents an hour.    On May 11, 1923, Henry Keagle, with a team, was sent by Avery to work for the city.    At 4:45 o'clock in the afternoon the officer in charge of the city work informed Keagle that there was not sufficient time to get another load of dirt and, therefore, he could go home.    Keagle at once left, and, when about three-quarters of a mile from the place where he had been working, one of his horses was bitten by a dog, whereupon the team began to run, and while turning a sharp corner Keagle was thrown out and killed.    The contract relation between Keagle and Avery was that Keagle should receive one-half of the amount Avery received.    Keagle had no contract relation with the city and Avery had not accepted the provisions of the compensation law.    An award was asked for, and after an arbitration hearing the claim was denied.    An appeal to the full board resulted in a death award being granted against the city.    It was the opinion of the board that Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5430 [2]), was applicable, and made the city liable.

On certiorari to this court the city contends that the act is not applicable, and that the board was in error in awarding plaintiff compensation against it.

Part 1, § 10, subd. (a) of the act referred to, provides:

"Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act and who does not become subject to this act prior to the date of the accidental injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him." * * *

Under this provision it becomes necessary to determine whether the city would have been liable if Keagle had been directly employed by it.

The compensation law has been generally construed by this court as not applying to accidents which befell employees in going to and leaving the place of employment. *Hills* v. *Blair,* 182 Mich. 26; *Hopkins* v. *Michigan Sugar Co.,* 184 Mich. 87 (L. R. A. 1916A, 310). Some exceptions have been made to this rule under the particular circumstances of the cases. Instances of these exceptions are: *Beaudry* v. *Watkins,* 191 Mich. 445 (L. R. A. 1916F, 576); *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich. 462; *Kunze* v. *Detroit Shade Tree Co.,* 192 Mich. 435 (L. R. A. 1917A, 252).

"In one sense, it may be said to be a part of his duty to get to such place, but if his method of traveling is not controlled by the employer, if he is a free agent, it is thought this qualified duty is not sufficient to raise, at the time, the relation of employer and workman.

"The same may be said with respect to the time occupied in returning home from work, and of intervals

allowed for meals when spent off the employer's premises." Ruegg on Employers' Liability and Workmen's Compensation, p. 377.

Applying this rule as construed by the court, was Keagle, when killed, within the zone of the compensation law? Keagle had been dismissed for the day. He was on his way home, or to the Avery barn. When injured he had left the vicinity of the work and was three-quarters of a mile distant. After he left his work he was no longer under the direction or control of the city. He was on no errand for the city, and was as much beyond the jurisdiction of the city when killed as though he had been ten miles away. We think, under no reasonable consideration of the conceded facts, can it be said the accident arose out of and in the course of his employment. We are of the opinion that Act No. 173 is not applicable.

It is argued that the case of *Punches* v. *American Box Board Co.*, 216 Mich. 342, is in point. That case is easily distinguishable from the present one. In that case Punches was an employee of the American Box Board Company, and was in control of the team, in the direct line of his duty, when the accident happened to him.

The award against the city of Battle Creek must be set aside.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.