WILLIAM JOHNSON, Petitioner *vs.* STATE HIGHWAY COMMISSION.

Waldo.    Opinion October 7, 1926.

*Under the Workmen's Compensation Act, upon the petitioner seeking compensation rests the burden of proving that the accident by which he received his injury arose in the course of and out of his employment.*

In the instant case at the time the petitioner was injured, the relation of employer and the employee was suspended.

The accident by which he received his injury neither arose in the course of nor out of his employment.

Hence the finding by the Commission at the trial of facts not being based upon some competent evidence was erroneous.

On appeal.   In the Summer of 1924 the petitioner was in the employ, with his own team, of the State Highway Commission hauling rocks to a crusher operated at Northport, feeding and stabling his horses at his own expense at his home, and besides his wages he received no allowance for board of himself or horses.   At the close of a day's work while unhitching his horses in his dooryard, they started and he was thrown down and run over by the cart.   Compensation was awarded and from an affirming decree an appeal was taken. Appeal sustained.   Decree below reversed.

The case appears in the opinion.

Petitioner was without counsel.

*Franklin Fisher,* for appellant.

SITTING:  WILSON, C. J., DEASY, STURGIS, BASSETT, JJ. MORRILL, A. R. J.

STURGIS, J.   Appeal from decree affirming an award under the Workmen's Compensation Act.

At the trial of facts the Chairman of the Industrial Accident Commission found that the petitioner, while in the employ of the State Highway Commission as a teamster, "did receive a personal injury

by accident arising out of and in the course of his employment," and awarded compensation. The single issue raised by the respondent upon this appeal is whether the accident arose "out of and in the course of" the petitioner's employment.

The record of evidence presented to the Chairman discloses as undisputed facts that William Johnson was employed by the State Highway Commission during the Summer of 1924, at Northport, Me., to haul rocks to a stone crusher. He furnished his own team, feeding and stabling his horses at home about a quarter of a mile distant from the crusher. His daily wage was $6.50 for himself and team, with no allowance for board of himself or horses. July 15, 1924, having dumped his last load of rock for the day, he left the crusher and drove home. As he was unhitching his horses in his yard, they started and he was thrown down and run over by the cart. It is for injuries thus received he was awarded compensation.

By repeated decisions this court has construed the provisions of Sec. 11, Chap. 50, R. S., and it is settled law that the burden is upon the petitioner to prove that the injury for which he seeks compensation was by accident not only arising "out of" but also occurring "in the course of" his employment. *Gray's Case*, 123 Maine, 86. *Dulac's Case*, 120 Maine, 31. *White's Case*, 120 Maine, 62. *Mailman's Case*, 118 Maine, 172. *Westman's Case*, 118 Maine, 133. It is equally well settled that the finding at the trial of facts of these essential elements must be based upon some competent evidence, otherwise the finding is an error of law. *Adam's Case*, 124 Maine, 295. *Orff's Case*, 122 Maine, 114. *Mailman's Case*, supra.

The petitioner Johnson was hired with his team by the day, and when he left the crusher his day's work was ended. He drove home a free agent, his method and course of travel in no way controlled by his employer. When injured he was on no errand for the Highway Commission, and neither bound to render it further service nor subject to its further directions until he returned to his work the next day. The relation of employer and employee was suspended. *Rourke's Case*, 237 Mass., 360, 363. *Morey* v. *Battle Creek*, 229 Mich., 650. There was at the time of the accident no "employment" as the term is used in the Statute.

In *State Ex. Rel. Jacobson* v. *District Ct.*, 144 Minnesota, 259, the employee drove a sprinkling wagon for the city of Minneapolis, furnishing his services and the use of his team for a daily compensa-

tion.   His horses were fed and stabled in his own barn at his own expense.   On the day of his injury he drove home at the end of the day's work, stabled and fed his horses, and after supper, while doctoring one of his horses, was killed.   That court says, "The accident did not arise out of his employment any more than would an accident which came while he was repairing his wagon or while doing other work in preparation of his next day's work for the city."

In the instant case we think the petitioner's accident did not arise in the course of or out of his employment any more than would an accidental injury received after he returned from his day's work, and while he was removing his working clothes in his own home, preparing himself for his evening meal and night's rest.

*Dobson's Case*, 124 Maine, 305, is not in conflict with this conclusion.   Dobson received as part of his compensation stabling for his horses in his employer's barn, and was injured on his employer's premises while unhitching the horses at the end of the day's work. The conclusion that Dobson's accident arose out of and in the course of his employment was based on the fact "that stable room was furnished the petitioner during his employment as part consideration for his services.   "And the obvious distinction to be drawn, where a teamster feeds and stables his horses at his own expense and in his own stable, is there thus noted, "Had the petitioner, at the close of his day's work, driven a mile or more towards his own stable, or to one of a third party, to put up his horses for the night, and been injured while caring for them, the decision may very well have been different."

For the reasons stated we are of opinion that the award of compensation to this petitioner is based on an error of law.   The respondent's appeal must be sustained.

*Appeal sustained.*
*Decree below reversed.*