MILDRED L. KNEELAND v. H. C. PARKER ET AL.

October Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*Master and Servant—Workmen's Compensation Act—Matters Necessary To Be Established To Entitle Dependent to Compensation—Accident Not Arising Out of Nor in Course of Employment—General Rule as to Employment.*

1. Matters necessary for determination to establish dependent's right to compensation for death of employee, stated.

2. Where teamster, owning pair of horses, who had been engaged to draw logs of employer from wood lot for distance of four miles to employer's mill at specified rate per thousand feet, without agreement to haul any specific quantity or to work for any definite time, stopped at hotel midway between wood lot and mill for his own convenience, and there received injuries, resulting in his death, while engaged in cleaning off one of horses known by him to be vicious, preparatory to commencing his day's work, by being trampled upon by such animal, *held* that accident did not arise out of nor in course of his employment.

3. Generally, employment exists only in area of duty.

APPEAL to Supreme Court, Lamoille County, from order of commissioner of industries denying compensation to claimed dependent for death of employee. The opinion states the case. *Affirmed.*

*James Brownlee* for claimant.

A teamster, injured before or after working hours, while doing some duty in connection with his horses, is entitled to benefits of Workmen's Compensation Act, and it is immaterial that horses were owned by deceased, when at time of workman's injury they were hired by employer to whom their services be-

longed and who was materially interested in that service. *Brown* v. *Bristol Last Block Co.*, 94 Vt. 123; *Smith* v. *Price*, 168 App. Div. 421, 153 N. Y. Sup. 221; *Costello* v. *Taylor*, 217 N. Y. 179, 111 N. E. 755; *Suburban Ice Co.* v. *Industrial Board*, 274 Ill. 630, 113 N. E. 979; *Dereleth et al.* v. *Roach & S. Co.* (Mich.), 36 A. L. R. at p. 474; *Hansen* v. *Northwestern Fuel Co.*, 144 Minn. 105, 174 N. W. 726, 38 A. L. R. note pp. 1045, 1046.

In instances where employee works on no set schedule, but does all he can in course of a day, time of commencement of work is not of same importance as cases where employee is engaged upon premises of employer for a specified number of hours each day; and to entitle workman to compensation, it is not necessary that hour of commencing work had arrived or that work had begun. *Mueller Construction Co.* v. *Industrial Board*, 283 Ill. 148, Ann. Cas. 1918E, at p. 811; *City of Milwaukee* v. *Althoff* (Wis.), 68 L. R. A. 1916A, at p. 327; *Brown* v. *Bristol Last Block Co., supra; Hills* v. *Blair*, 182 Mich. 20, 148 N. W. 243.

The deceased was at a place where he might properly and reasonably have been expected to be, and the "area of employment," could not properly be limited to employer's premises. *Ingraham's Admx.* v. *Rutland R. R. Co.*, 89 Vt. 281, 282; *Brown* v. *Bristol Last Block Co., supra; Martin* v. *Lavibond*, 2 K. B. (Eng.) 227, L. R. A. 1916A, note at p. 59; *Morris* v. *Lambeth Borough Council*, 22 L. R. (Eng.) 22, L. R. A. 1916A, note p. 59; *Nelson* v. *Belfast Corp.*, 42 Ir. Law Times, 223, 1 B. W. C. C., 158, L. R. A., 1916A, note p. 58; *Grant* v. *Glasgow & S. W. R. Co.*, S. C. (Scot.) 187, L. R. A. 1916A, note p. 71; *Dale* v. *Saunders*, 218 N. Y. 59, Ann. Cas. 1918B, at p. 704; Ann. Cas. 1918B, note p. 800; *Howard* v. *Roswell W. C. & Ins. Rep.* (Eng.) 314, L. R. A. 1916A, note at p. 70; Note 36 A. L. R. p. 476.

Whether an employee is at a place where he might properly be at time of accident is largely determined by facts in each case. *Foley* v. *Home Rubber Co.*, 89 N. J. Law, 474, 99 Atl. 624, Ann. Cas. 1918B, 792; *Richards* v. *Morris*, 1 K. B. (Eng.) 221, Ann. Cas. 1916B, 1313, 1314; *Webber* v. *Wansbrough Paper Co.*, 111 L. T. N. S. (Eng.), 658, 30 Times L. Ref. 615, Ann. Cas. 1916B, 1314; *Carter* v. *Rowe*, 92 Conn. 82, 101 Atl. 491; *In re Chambers*, Op. Sol. Dept. of Labor, 291; *In re Koontz*, Op. Sol. Dept. of Labor, 294; *In re Hott*, Op. Sol. Dept. of Labor, 302, Ann. Cas. 1918B, 815, 817.

The injury to deceased, which caused his death, was re-

ceived in an accident which arose out of and in the course of his employment. *Grant* v. *Glasgow & S. W. R. Co., supra; Nelson & Belfast Corp.*, 42 Ir. Law Times 223, L. R. A. 1916A, note at p. 58; *Martin* v. *Lovibond, supra; Morris* v. *Lamberth Borough Council, supra; Pigeon's Case*, 216 Mass. 151, 102 N. E. 932; *Howard* v. *Rowsell, supra.*

*Allen R. Sturtevant* for the defendants.

Findings of fact by commissioner of industries are binding upon Supreme Court if legally supported by evidence. *Packett* v. *Moretown Creamery Co.*, 91 Vt. 97; *Kelly's Dependents* v. *Hoosic Lumber Co.*, 95 Vt. 50, 55.

At time of claimed accident relation of master and servant did not exist between claimant's husband and defendant, and accident being independent of such relation, claimant is not entitled to recover. *Re Annie McNicol et al.*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306.

To recover, claimant must show not only that deceased received injury by accident, but that accident arose out of and in course of deceased's employment by defendant, and claimant must establish every element of her case. *Brown et al.* v. *Bristol Last Block Co. et al.*, 94 Vt. 123, 125; *O'Boyle et al.* v. *Parker-Young Co., et al.*, 95 Vt. 58, 62; *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, L. R. A. 1916D, 86, 89; *Reed* v. *Great Western R. Co.* (1909), A. C. 31, 2 B. W. C. C. 109.

Workman in going to and from his work does not come within protection of Workmen's Compensation Act. *Ocean Accident & Guarantee Co., et al.* v. *Industrial Accident Commission, etc.* (Cal.), 159 Pac. 1041, L. R. A. 1917B, 336, and cases therein cited; *Fumisiellos Case*, 219 Mass. 488, 107 N. E. 349; 1 Bradbury Workmen's Compensation, 405; *Re Claim of De Voe*, 218 N. Y. 318, L. R. A. 1917A, 250, 252; *Morey* v. *City of Battle Creek*, 229 Mich. 640, 202 N. W. 925, 38 A. L. R. 1039.

Accident did not come within terms "arising out of" and "in the course of his employment," as legally defined. *Re Annie McNicol et al.*, 215 Mass. 497, 102 N. W. 697; *Brown* v. *Bristol Last Block Co.*, 94 Vt. 123, 125; *State ex rel Jacobson* v. *District Court*, 144 Minn. 259, 175 N. W. 210.

FISH, J. This is an appeal from an order of the commis-

sioner of industries denying compensation for the death of Harold G. Kneeland, husband of the alleged dependent. The one question for review is whether the accident which caused the death of the deceased arose out of and in the course of his employment. The pertinent facts are these: The deceased was a teamster owning a pair of horses with which he had been engaged in drawing logs of the defendant Parker from a wood lot in Eden to the mill of the defendant in the same town. The wood lot and mill were four miles apart and the hotel at Eden Mills was half way between. The deceased boarded at the hotel and kept his horses in the hotel stable. While he was cleaning off one of the horses known by him to be vicious, preparatory to commencing his day's work as a teamster, he was trampled upon by the animal and received injuries from which he died. The accident occurred between 4:30 and 5:00 o'clock in the morning. The deceased was not furnished a boarding place nor told where to board, but selected the hotel on his own account as a convenient place for himself and team while he was drawing the defendant Parker's logs. His compensation was at the rate of $4.50 per thousand feet for hauling the soft wood from wood lot to mill and $5.00 per thousand feet for hauling the hard wood. He did not agree to haul any specific quantity or to work for any specific length of time. He was directed where to load in the wood lot and where to unload at the mill. He could quit the job at any time and was subject to be discharged at any time. He had no responsibility for the completion of the job or any portion of it. It was his custom to make one and one-half trips from the woods to the mill daily, stopping at the hotel either going to the mill with a load of logs or returning to the woods with empty sleds.

The commissioner found that the injury was received by accident, but at a time when the real day's work as a teamster had not commenced and when the deceased had not entered upon the service of the master for that day. He, therefore, held that the injury did not arise out of and in the course of his employment.

Did the accident arise out of and in the course of the employment of the deceased? If so, then the commissioner's award was wrong, but, if otherwise, then it must stand. *In Brown et al.* v. *Bristol Last Block Co. et al.*, 94 Vt. 123, at page 125, 108 Atl. 922, 923, this Court in discussing the phrase, "accident aris-

ing out of and in the course of such employment," said: "It is enough now to say that an injury arises in the course of the employment when it arises within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment; and an injury arises out of the employment when it occurs in the course of it and as a proximate result of it. * * * * When an injury is a natural and necessary incident or consequence of the employment, though not foreseen or expected, it arises out of it. * * * * A risk is incidental to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service."

No question was made but that Brown was in the employ of the Last Block Company on the day of the accident and at the time of the injury which resulted in his death, and that his employment included his team of two horses, and that the injury was the result of an accident. The accident happened about the noon hour. Brown had eaten his dinner and for some unknown cause the horses ran away and in trying to stop them he was run over and killed. Compensation was awarded and the defendants sought to avoid it on the claim that the employment was suspended during the time Brown was resting at the noon hour and while the horses were eating their feed, but this Court held the contention to be unsound, and following the decision in *Ingram's Admx.* v. *Rutland R. R. Co.*, 89 Vt. 278, 95 Atl. 544, Ann. Cas. 1918A, 1191, *held* that the relation of master and servant was uninterrupted during the noon hour. The argument was also made that there was no evidence that Brown was not resting or doing something else wholly unconnected with his employment at the time the horses started to run away, and some question was made that because the horses belonged to Brown, therefore, what he did in trying to stop them was an act in his own interest and not in the interest of his employer. In answer to this, this Court said: "But this position is not tenable to its full extent. The horses were hired by the employer, and, for the time in which the accident happened, their services belonged to it, and the employer was materially interested in that service."

[1, 2] In the instant case the contention of the defendants is that the service involving the relation of master and servant had not begun for the day. The deceased was not a day laborer, but was engaged in drawing logs at so much per thousand

feet and his injury occurred in the stable, where he chose to keep his horses, before the day's work begun. Each case must be determined on its individual facts, and for the purpose of deciding the right of this case it will be of interest to make inquiry in questions involving the substance of what this Court said in the the Last Block case in discussing what was an "accident arising out of and in the course of such employment." In this connection we inquire: Did Kneeland's injury arise within the period of his employment as a servant of defendant Parker while he was reasonably fulfilling the duties of his employment? Did the injury arise out of the employment and as a proximate result of it? Was the injury a natural and necessary incident or consequence of the employment? And, finally, was the risk incident to the employment in the sense that it belonged to or was connected with what the deceased had to do in fulfilling his contract of service? These questions must be answered in the negative. It cannot be said that the deceased was in the performance of any duty which he owed the defendant Parker when he was in the act of cleaning off the horse which caused the fatal injury, nor can it be said that he was in his service in performing that work.

In the case of *Re Annie McNicol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, the Supreme Judicial Court of Massachusetts, speaking by Chief Justice Rugg, gives an illuminating definition of what constitutes an "injury arising out of and in the course of his employment." It is this: "It is sufficient to say that the injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must

be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.''

Our attention is not called to any case exactly like this one, but the case of *State ex rel. Jacobson* v. *District Court*, 144 Minn. 259, 175 N. W. 210, is much in point. The claimant's husband was employed by the city of Minneapolis in driving a sprinkling wagon. He furnished the team and the running gear of the wagon and the city the tank. He stored the sprinkler, and stabled, fed, and cared for the horses on his own premises and at his own expense. For his services and use of his horses and wagon he received $6.00 per day. After reaching home from a day's labor for the city and after he had eaten his supper he went to the stable to doctor one of the horses which had a sore neck. While so engaged, the horse killed him. It was held by the court that: ''The accident did not arise out of his employment any more than would an accident which came while he was preparing his wagon, or while doing other work in preparation for his next day's work for the city.'' See, also, *Johnson* v. *State Highway Commission* (Me.), 134 Atl. 564.

[3] The general rule is that employment exists only in the area of duty. 1 Bradbury's Workmen's Compensation, 405. In the case of *Re Claim of DeVoe*, 218 N. Y. 318, at page 320, 113 N. E. 256, 257 (L. R. A. 1917A, 250), the court said: ''The employee gets up in the morning, dresses himself, and goes to work. * * * * Yet if he meets with an accident before coming to his employer's premises where he is to work, that is not a risk of his occupation, but of life generally.'' In another case it was held that an injury to the driver of a team by being thrown from a wagon by the running away of horses when the driver was going home after being dismissed from the work of the day did not arise out of and in the the course of his employment within the meaning of the Workmen's Compensation Act. *Morey* v. *City of Battle Creek*, 229 Mich. 650, 202 N. W. 925, 38 A. L. R. 1039.

The finding of the commissioner that the real day's work of the deceased had not commenced at the time of the injury, and

that he had not entered upon the service of the master is sustained.

*The order is affirmed, with costs.  Let the result be certified to the commissioner of industries.*