## SPERO *v.* HEAGANY & DRAPER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE ACCIDENT.

Generally, accidents to employee while going to or from his work and not in immediate vicinity thereof do not arise out of or in course of his employment, unless some service was being rendered to employer at time of accident.

2. SAME—OUT OF AND IN COURSE OF EMPLOYMENT—ASPHYXIATION.

Where automobile salesman was permitted to keep car he was selling at his home until sold, and was overcome by monoxide gas when he went to get car ready to show to prospective customer in morning, resulting in his death, said accident arose out of and in course of his employment.

3. SAME—BASIS OF AWARD.

Compensation allowed to dependents of deceased employee was properly based on amount reported by employer to be his weekly wage, in absence of any evidence inconsistent therewith.

---

On injury while going to or from work, as arising out of and in the course of employment, see annotation in L. R. A. 1916A, 60 *et. seq.*

4. SAME—AWARD TO MINOR DAUGHTER NOT MADE PARTY.

    Award of compensation to widow and minor daughter of deceased
    employee, "share and share alike," was proper, although
    daughter was not made party plaintiff (2 Comp. Laws 1929,
    § 8421).

    Appeal from Department of Labor and Industry.
Submitted October 14, 1931. (Docket No. 105,
Calendar No. 35,772.) Decided January 4, 1932.

    Mabel Spero presented her claim against Heagany
& Draper Company, employer, and Continental
Casualty Company, insurer, for the accidental death
of her husband, Benjamin C. Spero, while in de-
fendant's employ. Award to plaintiff. Defendants
appeal. Affirmed.

    *Weadock & Weadock,* for plaintiff.

    *Mason, Alexander & McCaslin (H. Monroe Stan-
ton,* of counsel), for defendants.

    McDONALD, J. This is an appeal from an award
of the department of labor and industry allowing
compensation to Mabel Spero on account of the
death of her husband, Benjamin C. Spero, which she.
claims was caused by injuries arising out of and in
the course of his employment with the defendant
Heagany & Draper Company.

    Plaintiff's decedent was employed on a commis-
sion basis as a used car salesman. He was permitted
to take any car that he desired to sell and keep it
at his home until it was sold. On the morning of his
death, which occurred on June 19, 1930, he had an
appointment with a prospective purchaser at eight
o'clock. He went to the garage to get the car ap-
parently for the purpose of keeping that appoint-
ment. Something had gone wrong with the car-
buretor, and while repairing it, or attempting to

start the car, it is not certain which, he was overcome by carbon monoxide and was found dead in the garage by a neighbor.

The record presents three questions for our consideration, all of which were decided adversely to the defendants' contention by the commission.

1.   Did the injury which resulted in the death of Benjamin C. Spero arise out of and in the course of his employment?

It is held as a general rule that accidents to an employee while going to or from his work and not in the immediate vicinity thereof do not arise out of or in the course of his employment. Exceptions to this rule are found in cases where the facts show some service was being rendered to the employer at the time of the accident. It is immaterial to his right to compensation under the act whether he is going to or from his place of employment if at the time he is accidently injured he is doing something he is authorized to do for his employer's benefit. The test is well stated by Mr. Justice Steere in *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich. 462, as follows:

"Broadly defined, it may be taken as authoritatively settled that 'out of and in the course of his employment' covers those accidents which befall an employee while he is discharging some duty he is authorized or directed to perform for the furtherance, directly or indirectly, of his employer's business."

Adopting this test, the controlling question in the instant case is whether the plaintiff's decedent at the time of the accident was performing some work which he was authorized to perform in the interests of his employer. The question is answered by the undisputed facts and by fair inferences from cir-

cumstances concerning his movements about the time of his injuries and death. It is undisputed that he was getting his employer's car ready for a demonstration to a prospective customer. He was engaged in his employer's business whether adjusting the carburetor, backing the car out of the garage or on his way to keep an appointment with his prospect. The car belonged to his employer who had intrusted it to him for sale. He was permitted to keep it in his own garage. He was permitted to go direct from his home to a customer without reporting to the office. He was directed and expected to remedy any defect in the car which did not require expert treatment. It was his duty to keep the car ready for sale and to take it to a prospective customer for demonstration. He was performing this duty at the time of his injury. It was a duty which he was required to perform under his employment contract. It was authorized by his employer and was in furtherance of its business. The case is similar in principle to *Derleth* v. *Roach & Seeber Co.,* 227 Mich. 258 (36 A. L. R. 472), but much clearer in its applicable facts. To the same effect is *Punches* v. *American Box Board Co.,* 216 Mich. 342. The commission was right in finding that the accident arose out of and in the course of decedent's employment.

2. It is the contention of the defendants that compensation should not have been allowed because the decedent had no daily wage and there was no way of determining his weekly wage.

It was the opinion of the commission that decedent's average weekly wage should be determined by subdivision (c) of section 11 of part 2 of the act, being 2 Comp. Laws 1929, § 8427, which provides

that in cases where it is impossible to ascertain the exact daily wage—

"Such daily earnings shall be taken and held to be for all the purposes of this act such a sum as having regard to the previous daily earnings of the injured employee and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality shall most nearly approximate the daily earnings of the said injured employee at the time he received the accidental injury, in the employment in which he was working at such time."

The defendants say that it is impossible to follow this section in ascertaining decedent's daily wage because there is no evidence of his previous daily earnings or of that of other employees similarly employed in the same locality. In this the defendants are right; but when the defendant Heagany & Draper Company filed its report of compensable accident, it knew of decedent's previous daily earnings and of the earnings of its other employees. It was possible for it to make an approximately correct estimate of his weekly wage. It apparently did so, for it reported it to be $35. While the commission talked of computing the decedent's average weekly wage by subdivision (c), it ultimately accepted the amount as reported by defendant, and fixed the average weekly wage at $35. In the absence of any evidence inconsistent therewith, the commission was justified in treating the report as *prima facie* evidence of decedent's earnings.

3. The defendants further complain of the award because the compensation allowed is to the plaintiff and to a dependent minor child, Lenore Spero, "share and share alike." This objection is based

on the fact that Lenore Spero was not made a party plaintiff, and, as no application was made for compensation for her, she should receive none.

The question is whether a dependent child as well as a surviving wife or husband must make application for compensation. We do not think so. Compensation is not computed on the basis of the number of dependents a decedent leaves. In the instant case, the total compensation awarded is no greater than the wife would have received if there had been no other dependents. But the statute provides that dependents are entitled to share equally in the death benefit (2 Comp. Laws 1929, § 8421), and it is satisfied if the award makes provision for them.

The award is affirmed, with costs to the plaintiff.

Clark, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.