KING's CASE.

Kennebec.    Opinion, July 12, 1934.

*F. Harold Dubord*, for petitioner.
*Locke, Perkins & Williamson*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

PATTANGALL, C. J. Workmen's compensation case. Appeal from decree denying compensation to the dependent widow of Albert King. Two questions were involved at the hearing before the Commission—first, whether deceased was an employee of the defendant or an independent contractor; second, whether the accident which caused the injury occurred in the course of his employment and arose out of it. On the first issue, the Commission found for the petitioner and on the second against her.

It appeared that King entered into a contract with the defendant to furnish, for its use in connection with the construction of a section of State highway, five automobile trucks with drivers, the compensation therefor being partly on a per diem basis and partly on a price per yard for gravel hauled. There was nothing in the contract compelling King to perform any personal service or even to be present where the work was being performed, nor to indicate any particular length of time that his contract should be in force or that he should move any definite quantity of material.

As a matter of fact, he was about the job practically every day, going from place to place on the construction work, watching his trucks and drivers, causing necessary repairs to be made, checking the loads and time and generally supervising the portion of the work which concerned him, although the pay for the trucks and drivers would have been the same had he been absent. All expenses of repairs and operation of the trucks were paid by him.

He arranged for quarters for his drivers and himself and for parking space for his trucks at Goose Pond Rest, a wayside stand situated at a point near the middle of the construction job, although no actual construction was in progress near it at the time

of the accident. After working hours, the drivers on their own time did such greasing and repair work in connection with the trucks as was required to put them in condition for operation on the following day.

On the day when the accident occurred, one of King's trucks went into a ditch at a point where the road was under construction and King, accompanied by some of his drivers, undertook to bring the truck back into the highway. They were at first unsuccessful but after having returned to Goose Pond Rest where they had a lunch, they went back to the ditched truck, finally got it into the road and started back to the camping place. After arriving there and while in the process of parking the trucks, an automobile approached and King stepped into the highway with a flashlight in his hand to warn the driver of the oncoming car. The road was slippery, it was snowing, and the car could not, or at least did not, stop until it struck King, inflicting injuries which resulted in his immediate death.

On these facts the Commission found as stated above. Although the entire case is reopened on appeal, we are not particularly concerned with the finding that King was an employee of defendant rather than an independent contractor. The case can be satisfactorily disposed of without discussing that question. If the Commission correctly decided the remaining issue, appellant is not aggrieved by error, if error exists, in the decision of the first proposition. Assuming, therefore, for the sake of brevity, that King was an employee of defendant, we see no reason for disagreeing with the Commission on the proposition that the injury which caused his death neither arose out of, nor occurred in the course of, his employment.

"To arise out of the employment an injury must have been due to a risk of the employment, to occur in the course of the employment it must have been received while the employee was carrying on the work which he was called upon to perform." *Wheeler's. Case,* 131 Me., 91, 159 A., 331, 332.

Certainly it was no part of King's necessary work to stand in the highway, warning approaching automobiles of the danger of collision with the trucks which his men were engaged in parking after the conclusion of their day's work, although it may have been a

perfectly proper thing for him to do under the circumstances. The risk which he assumed had no relation to the work in which defendant was engaged.

The case seems to fall well within the rule laid down in *Johnson's Case*, 125 Me., 443, 134 A., 564, which it resembles very closely in its essential facts. The decision of the Commission must stand.

*Appeal dismissed.*
*Decree below affirmed.*