In the Matter of the Claim of ALBERT PIROVITZ, Respondent, against HEIPER-SHAUSEN BROS., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award for 100 per cent permanent loss of use of left eye. From the evidence most favorable to the claimant he lost vision to the extent only of about 65 per cent in the left eye, in which, prior to the accident, his vision was 20/70 normal. Award reversed, with costs against the State Industrial Board, and claim remitted to the Board to make an award in accordance with this decision on the authority of *Matter of Bervilacqua* v. *Clark* (225 App. Div. 190; affd. without opinion, 250 N. Y. 589). Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

In the Matter of the Claim of LUCILLE Z. ALEXANDER, Respondent, against MOVIETONEWS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, with ten dollars costs to the claimant against the employer and the insurance carrier. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOHN E. SPRINGER, Appellant, against JOHN H. VAN DORN and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent. — Motion to amend decision, handed down May 13, 1936, denied, with ten dollars costs to the claimant against the employer and the insurance carrier. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ETHEL P. PETTET and Others, Respondents, against MONROE COUNTY EMERGENCY WORK BUREAU and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from award of death benefits to widow and children of deceased. The appellants contend that deceased was an independent contractor and not an employee and also that when he was injured he was not in the course of his employment. Decedent, a truck owner, who drove his own truck, was employed under the same contract that was involved in the case of *Matter of Lipary* v. *Rochester Monroe County Emergency Work Bureau* (244 App. Div. 858). It was there held that the truck driver was an employee. Deceased was supposed to go to work at eight o'clock A. M. On November 15, 1933, he had trouble with his truck and left the job after hauling one load in the morning. The rest of that day and evening he worked at a public garage repairing the truck. The next morning, November 16, 1933, he left home at about eight o'clock A. M. It was very cold and there was no work on the project that morning. At about eight-thirty A. M. he was at the garage with the truck and while changing the oil in the hydraulic jack that raises the truck body he was killed. Award reversed and claim dismissed, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.