JARMAN *v.* TRUCKING, INC.

WORKMEN'S COMPENSATION—INJURY ARISING OUT OF AND IN COURSE OF EMPLOYMENT—REPAIRS TO EMPLOYEE'S OWN TRUCK BETWEEN HAULS.

  Truck owner and operator who hauled freight for defendant employer at a fixed price per trip up to a certain maximum and extra pay for extra weight, who furnished his own gasoline and maintained truck in running condition *held,* not to have received an injury arising out of and in course of employment, where he was injured while making repairs to his truck between hauls, pursuant to employer's direction to have truck ready for operation at a specified time, and he could have had someone else make the repairs.

Appeal from Department of Labor and Industry. Submitted October 11, 1938. (Docket No. 89, Calendar No. 40,160.) Decided November 10, 1938. Rehearing denied December 22, 1938. Reconsideration denied March 10, 1939.

Andrew Jarman presented his claim against Trucking, Inc., employer, and Columbia Casualty Company, insurer, for compensation for personal injuries. Award to plaintiff. Defendants appeal. Reversed.

*Lindley, Delaney & Worsham,* for plaintiff.

*James A. Markle,* for defendants.

POTTER, J. Plaintiff was employed by the defendant, Trucking, Inc., and Columbia Casualty Company was the insurer upon its risk. Plaintiff claims he suffered an accidental injury arising out of and in the course of his employment by defendant Truck-

ing, Inc. There is no question about plaintiff's injuries. But it is defendants' contention he was an independent contractor hauling freight on contract, maintaining and keeping up his own truck, and that his injuries were suffered while he was engaged in repairing his own truck at his home and that at that time he was not in the course of his employment and the accident did not arise out of and in the course of his employment.

Plaintiff was engaged in trucking from Chicago to Detroit. He had a load of meat on a refrigerator truck. The meat was hauled in a trailer. He had trouble with his truck coming into Detroit. The dispatcher of Trucking, Inc., told plaintiff to have his truck ready for a Monday morning load. Plaintiff claims it was in pursuance of this instruction that he was repairing the truck.

Plaintiff could have hired someone else to have repaired the truck. It was not engaged in the business of the defendant Trucking, Inc. He drove it home for the purpose of repair. His way of travel was in no way controlled by his employer. He was on no errand for Trucking, Inc., nor was he subject to any further directions by it until he returned to work. *Johnson* v. *State Highway Commission,* 125 Me. 443 (134 Atl. 564).

A similar case was before the court in *Morey* v. *City of Battle Creek,* 229 Mich. 650 (38 A. L. R. 1039), where an employee hired out with his team and wagon to perform work for the city. He was killed while driving his team from his place of work to the stable where he kept it. It was contended it was his duty to furnish a team with which to perform his work and he was in the course of his employment while driving his team to the stable. The court held that after he left his work he was no longer under

the direction or control of the city and the accident did not arise out of and in the course of his employment.

In *Kneeland* v. *Parker,* 100 Vt. 92 (135 Atl. 8, 48 A. L. R. 1396), a teamster furnished his own horses and took care of them at his own expense. He was injured while cleaning one of the horses in preparation for his day's work. It was held his injury did not arise out of and in the course of his employment and in support of that decision *Morey* v. *City of Battle Creek,* above cited, was relied upon.

The department of labor and industry cited and relied upon *Spero* v. *Heagany & Draper Co.,* 256 Mich. 403, where an automobile salesman was permitted to keep the car he was selling at his home until sold. He was overcome by monoxide gas when he went to get the car ready to show to a prospective purchaser. That case upon the facts is readily distinguishable from this.

We think plaintiff's injury did not arise out of and in the course of his employment by defendant Trucking, Inc. He had his own truck, hauling freight to Detroit for a fixed price per trip up to a certain load, and, after 18,000 pounds, got extra pay for hauling extra weight. He was to furnish and operate his own truck and gasoline and it was his duty to maintain and keep the truck in running condition.

Award vacated, with costs.

Wiest, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Butzel, J., did not sit.