In the Matter of the Claim of JOSEPH FREEDMAN, Respondent, against M. SHOTTENFELD & SONS, INC., and EAGLE INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant. His employment was that of a carpet layer. He testified: "I lay linoleum and deliver stuff that has come to me. I also have stuff that I have to install." In order to make delivery he used an automobile truck which his boss told him to purchase and towards the purchase price of which he was loaned $100 by the employer for which he gave back a chattel mortgage which contained a provision that in the event the employee remained continuously in the employment until May 23, 1938, then the employer agreed to give the employee a satisfaction of his chattel mortgage as a bonus for services rendered. Claimant worked six and sometimes seven days a week; his hours being generally from nine to six, but he sometimes worked later. The day before the accident, about eight-thirty or nine o'clock in the evening, he was going to his home, returning in his truck from a job; the truck stopped, he called a mechanic and the truck was towed to his garage, where he customarily stored it. It was too late to work on the truck that night, but the next day, which was Sunday, May 1, 1938, he worked on it, and while thus engaged, suffered the injuries for which the award has been made. His regular pay was forty dollars per week with a bonus for each delivery because of the use of his truck. The so-called bonus paid for the use of the truck was twenty-five cents for local deliveries and the employer also paid all ferry and toll charges. If the delivery was beyond the so-called local distance he would be paid more than twenty-five cents bonus. The employer testified that it was to his advantage to have the truck in perfect condition all the time to make the proper deliveries in time to satisfy his customers, and that the truck was purchased through a mutual understanding between the employer and employee. He also testified: "Q. Did you suggest it? A. Both of us. He figured out that due to the proposition offered him, the bonus, it would be of benefit to him so he could get around more and the bonus would reach a little larger amount at the end of the month. So the benefit would be for both of us." The objection raised by the appellants is that the injuries did not arise out of or in the course of employment. Award reversed, and claim dismissed, without costs. (See *Grathwohl* v. *N. P. Club Properties, Inc.,* 216 App. Div. 107; affd., 243 N. Y. 567; *Pettett* v. *Monroe Co. Emergency Wk. Bureau,* 248 App. Div. 797.) Rhodes, McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., dissents, and votes to affirm, on the authority of *Matter of Glielmi* v. *Netherland Dairy Co.* (254 N. Y. 60).