185 P.2d 508

**McDONALD v. DENISON et al.**

**No. 4972.**

Supreme Court of New Mexico.

Dec. 31, 1946.

Rehearing Denied Oct. 31, 1947.

Scott H. Mabry and Robert W. Reidy, both of Albuquerque, for appellant.

Simms, Modrall, Seymour & Simms, of Albuquerque, for Walter L. Denison & Mountain States Mut. Casualty Co.

Dailey & Rogers, of Albuquerque, for A. E. Beaver.

HUDSPETH, Justice.

Appellant filed this action under the provisions of the Workmen's Compensation Act, 1941 Comp. § 57-901 et seq., for the loss of an eye, and from an adverse judgment prosecutes this appeal.

The trial court found that appellee, Denison, in the month of September, 1944, was engaged in the performance of a contract he had with the New Mexico Highway Department to build a highway near Springer, New Mexico; that appellee, Beaver, had the subcontract for hauling the sand and gravel on the project; that appellant went to work with his truck on the project hauling sand and gravel for the compensation of 8¢ per cubic yard mile; that out of said 8¢ per cubic yard mile appellant was required to service his truck; keep the same

in repair and pay for all gasoline and oil used by him; that on or before the week ending Saturday, September 9, 1944, while working on the project, a spring of plaintiff's truck got in bad repair, but did not cause an emergency and the truck did not break down on the job and appellant continued to use the truck; that on the following Monday morning, September 11, 1944, appellant reported at the rock crusher to begin hauling material to the road under construction, but found the rock crusher shut down for repairs; that he thereupon decided to repair his truck and drove his truck to the nearest public repair shop, which was situate in Springer some twenty-two miles from the project; that the taking of his truck to the public repair shop was of appellant's own volition and was not ordered by defendants or any of them; that the repair shop is not premises occupied, used or controlled by defendants; that appellant's presence in said repair shop was not required by virtue of his employment by defendants; that while appellant and a mechanic in said repair shop were working upon the springs of his truck, and as the result of work being done by appellant, a small piece of steel flew off and lodged in appellant's left eye causing him to lose said eye by enucleation; that at the time of the accident appellant was not performing services arising out of and in the course of his employment; that the injury was not received by appellant as a result of his em-

ployment while at work in or about the premises occupied, used, or controlled by his employers, or a place where his employers' business required his presence; that the proximate cause of the injury was not the negligence of the employers, and "that at all times material hereto plaintiff, McDonald, was an employee of the defendants, Walter L. Denison, and A. E. Beaver".

The New Mexico Highway Department requires road contractors to make weekly reports showing all workmen engaged on road projects, including truck drivers who are being paid by the yard or ton mile. Appellant reported his own time and signed the payroll—in effect, paid himself wages.

Appellant contends that the facts require the conclusion that the injury arose out of and in the course of the workman's employment and urges that appellant was within the scope of his employment and on the business of his employers when he was engaged in repairing his truck at the nearest available place. He does not claim that either employer was negligent. We considered paragraph (*l*), Section 57-912, Comp.1941, in Cuellar v. American Employers' Insurance Co. of Boston, Mass., 36 N.M. 141, 9 P.2d 685, 687, where the paragraph of the statute is set out and held "that the Workmen's Compensation Act is remedial and should be liberally construed, but not unreasonably or contrary to legis-

lative intent". The paragraph was also considered in Caviness v. Driscoll Const. Co. et al., 39 N.M. 441, 49 P.2d 251, and in Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585; but the precise question at issue herein is one of first impression before this court.

Appellant cites Southwestern Portland Cement Co. et al. v. Simpson, 10 Cir., 135 F. 2d 584 and other cases, but strongly relies upon the case of MacKay v. Department of Labor and Industries, 181 Wash. 702, 44 P.2d 793. Appellees cite a later Washington case, that of McGrail v. Department of Labor and Industries, 190 Wash. 272, 67 P.2d 851, 854, in which the MacKay case is discussed and distinguished, from which we quote:

"In the case before us here, the contract was dual in its nature. One part of the contract had reference to the personal services of the employee, and the other had reference to the hiring of his truck. So far as compensation was concerned, the two elements had no connection with each other. For his personal services, McGrail received exactly the same wage as that received by those workmen who did not furnish trucks. For the use of his truck, McGrail was paid on a basis of the time of its operation, whether driven by him or by some other employee of the highway department. Although McGrail was required to make repairs and keep the truck in proper operating condition, those duties were to be performed by him at times when he was off shift, and strictly as a part of his contract to furnish and maintain the truck. In that respect, he was in no different situation than he would have been had he not been otherwise employed by the highway department, nor in any different situation from that occupied by one who simply rented trucks to that department for use by it on the job.

"Moreover, McGrail's truck was never out of commission, but was continuously in operation. An emergency was not presented requiring immediate attention in order to prosecute the work. The grinding of the valves involved an errand with which we are not now concerned, inasmuch as that errand had been completed. In any event, the valves were not ground until after the job had ended. The tires, which occasioned this controversy, were a part of the equipment which McGrail was obviously required to replace from time to time, thus suggesting the necessity of having extras conveniently at hand. In this instance, at least, the tires had not suddenly collapsed or been rendered utterly useless, but were simply in the final stages of deterioration, calling for replacement at the earliest convenience. Their immediate condition, however, did not interrupt the use of the truck, nor lessen the compensation paid therefor.

"The two cases are thus clearly distinguishable in several points of fact, and

those distinctions, in our opinion, call for different results. But we rest our conclusion herein more particularly and with complete decisiveness upon the ground that the furnishing of the tires was related to a contract of truck hiring and not to a contract of employment, and that, when Mc-Grail undertook the journey to Wenatchee to procure tires, he was not doing so in furtherance of his employer's interests, but solely in furtherance of his own interests as the owner and hirer of the truck. He was, therefore, not a workman in the course of his employment, within the meaning of the statute."

Another case in point is McKay v. Crowell & Spencer Lumber Co. et al., La.App., 189 So. 508, 510, and in which the court said: "With reference to the second question, we feel that the lower court correctly held that the accident did not arise out of plaintiff's employment, nor in the course of his employment. It is shown by the facts that the accident occurred at a time when the plaintiff was not engaged in his employment, but, on the contrary, was on the personal mission of having his own truck repaired. It is shown that the place of the accident was on a public highway several miles from the premises where the logging work was being done and entirely disconnected from such premises. (Citing cases.)" See also Jarman v. Trucking, Inc., 286 Mich. 492, 282 N.W. 218; State Highway Commission v. Koon, 185 Okl.

161, 90 P.2d 889; Pettet v. Monroe County Emergency Work Bureau, 248 App.Div. 797, 289 N.Y.S. 29; Kneeland v. Parker, 100 Vt. 92, 135 A. 8, 48 A.L.R. 1396; King's Case, 133 Me. 59, 173 A. 553.

Appellant in his brief says he will argue a single point; "The facts require the conclusion that the injury arose out of and in the course of the workman's employment."

■ It is unnecessary to consider other possible contentions which might have been made. Hernandez v. Border Truck Line, 49 N.M. 396, 165 P.2d 120.

■ Under the findings of the trial court that appellant was required to keep his truck in repair, that the injury was received twenty-two miles from the place of work in a repair shop with which appellees had no connection, and where the business of appellees did not require the presence of appellant, we must conclude that appellant's injury did not arise out of and in the course of his employment by appellees, Denison and Beaver.

It follows that the judgment of the trial court should be affirmed.

It is so ordered.

SADLER, C. J., and BICKLEY, J., concur.

BRICE and LUJAN, JJ., dissenting.