BRADLEY, Judge.
This is a workmen’s compensation case.
Clarence S. Pritchett, Jr. was an independent truck driver hauling logs under an oral contract exclusively for G & B Log Company. Mr. Pritchett purchased his own truck and trailer rig in March 1976 and immediately began to transport cut timber only for G & B Log Company in accordance with the company’s directions. Depending upon the type of logs which he was hauling, Pritchett would be paid for transporting the logs according to their total weight or to the total number hauled. G & B Log Company and Pritchett orally agreed that Pritchett’s truck and trailer would have to be maintained in a good and safe working condition at all times and that he alone would be responsible for repairing the truck and trailer and keeping it in said condition. During the first part of July 1978 James Hemby, a friend of Pritchett’s, was driving the truck and trailer with a full load of logs on an Alabama highway when a loose “bolster” attached to the side of the trailer broke, permitting the logs to fall off the trailer and to become entangled in its wheels. The truck turned over on its side damaging both the cab and the trailer. After the accident, Pritchett transported the cab and trailer to A & J Body Shop in Phenix City, Alabama for repairs. The body shop was not connected with G & B’s business and G & B did not reimburse Pritchett for any expenses which he incurred in having his truck and trailer repaired at the shop.
On the morning of July 24,1978 Pritchett went to A & J Body Shop to inspect his truck to see what repairs needed to be made to it. During this inspection, Pritchett noticed a loose bolster off the trailer, he slipped and fell on his buttocks. Pritchett did not experience any pain from this accident until later in the day. Before the day was over, Pritchett visited his family physician, Dr. Blake. The doctor determined that Pritchett had suffered a hernia on the left side of his body. Later the hernia was repaired.
Pritchett continued to complain of pain in his back and right leg. A myelogram was performed in November 1978 and it was discovered that Pritchett had a herniated disc in his lower back. The disc was removed.
Pritchett filed suit against the workmen’s compensation insurer for G & B Log Company seeking workmen’s compensation benefits. G & B Log Company was added later as a party-defendant.
After an ore tenus hearing the trial court dismissed the insurer for G & B Log Company as a defendant and denied plaintiff’s claim against G & B Log Company on the ground “[t]hat at the time and place the accident occurred, the plaintiff was not acting within the line and scope of his employment nor did the accident arise out of and in the course of his employment.” Plaintiff appeals.
The contention on appeal is that the trial court erred in finding that plaintiff’s injuries were not the result of a job related accident and thus he was not entitled to workmen’s compensation benefits. We disagree for the reason that the case of Deaton Truck Line, Inc. v. Acker, 261 Ala. 468, 74 So.2d 717 (1954), appeal after remand 266 Ala. 611, 98 So.2d 429 (1957) is contrary to the plaintiff's contention and supports the trial court’s conclusion.
In the cited case the supreme court had occasion to review an award of workmen’s compensation benefits to the widow and minor children of Emory Acker, a truck driver who owned a tractor-trailer truck in which he transported freight. Mr. Acker executed a written lease agreement with appellant, Deaton Truck Line, whereby Acker agreed to transport freight “both intrastate and interstate, under the authority of the Company and for no other person, firm or corporation.” Paragraph six of the agreement obligated Acker to keep his *622 truck “in good mechanical condition and repair at his own expense.” Acker returned to Deaton’s Birmingham, Alabama truck terminal from a freight hauling trip to New Orleans, Louisiana on May 4, 1950. Three days later, on Sunday, May 7, 1950, he and a friend took the gas tank off his truck in order to repair a leak in the tank. While repairing the tank in his family residence, Acker was killed by a gas explosion.
The court conceded that Acker was probably “an employee of Deaton rather than an independent contractor”; however, it reversed the trial court’s award of workmen’s compensation benefits to his widow and minor dependents.
In order for an accident to be compen-sable under the Workmen’s Compensation Law of this state, it must arise out of and in the course of employment. ...

Our interpretation of the written agreement here involved is that while the motor vehicle was out of service and being repaired, it was under the sole jurisdiction and control of Acker, whose duty it was to have it repaired at his own expense. He was privileged to select the place where, and the person by whom the repairs should be made.
At the time Acker was killed, the motor vehicle was out of service and out of commission so far as the work of transportation was concerned and incapable of earning compensation for him under his contract of employment. Acker selected the place where the repairs were to be made, at his home, a place where Deaton had no connection and where the business of Deaton did not require the presence of Acker. He elected to make the repairs himself.
We are constrained to the conclusion, therefore, that Acker’s death did not occur in the course of his employment by Deaton. Prayther v. Deepwater Coal & Iron Co., 216 Ala. 579, 114 So. 194; McDonald v. Denison, 51 N.M. 386, 185 P.2d 508; Stuhr v. State Industrial Accident Commission, 186 Or. 629, 208 P.2d 450; Jarman v. Trucking, Inc., 286 Mich. 492, 282 N.W. 218; Pappas v. Yant Const. Co., 121 Neb. 766, 238 N.W. 531; Pettet v. Monroe County Emergency Work Bureau, 248 App.Div. 797, 289 N.Y.S. 29; McKay v. Crowell & Spencer Lumber Co., La.App., 189 So. 508; Rector v. Ragnar-Benson, Inc., 313 Mich. 277, 21 N.W.2d 129. [Emphasis supplied.]
Because of the close similarity of the facts in the cited case and the case at bar, we consider Deaton to be dispositive of the issue on appeal. Here, as in Deaton, the owner of the tractor-trailer truck had sole dominion and control over his truck while it was out of service and being repaired. Both Pritchett and Acker were under a duty to repair their damaged vehicles at their own expense. Each driver had the right to and did select both the place where and the person by whom any repair to his vehicle would be effected. At the time Pritchett was injured and at the time Acker was killed, their trucks were incapable of hauling freight and earning compensation for them pursuant to their contracts of employment with G & B and Deaton, respectively. Thus, we too are constrained to hold that plaintiff’s injuries did not occur in the course of his employment by G & B Log Company. Because there is legal evidence to support the judgment of the trial court, its judgment must be affirmed. See Orkin Exterminating Co. v. Williams, Ala.Civ.App., 389 So.2d 935 (1980).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.