[S. F. No. 12473. In Bank.—September 30, 1927.]

ENTERPRISE DAIRY COMPANY (a Corporation) and STATE COMPENSATION INSURANCE FUND, Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and WILLIAM WILSON, Respondents.

[1] WORKMEN'S COMPENSATION ACT — COMPENSABLE AND NONCOMPENSABLE INJURIES — FAILURE TO SEGREGATE — PRESUMPTION.—If an award is made in a lump sum for injuries to an employee and part of the injuries were compensable and the remainder were not, but no complaint was made to the lack of segregation, it must be assumed that the Commission allowed compensation only for the compensable injuries, and the award must stand if any part of the injuries were compensable.

[2] Id. — Earthquake — Injuries from Broken Glass — Right of Recovery. — An employee engaged as an automobile truck driver, who was injured by broken glass of milk bottles which he was loading on his truck in his employer's garage, resulting from an earthquake which caused the brick wall of an adjoining two-story building to fall through the roof of the garage, is entitled to recover for the injuries, as in the course of his employment he was subject to risk different from and in addition to those to which other persons were exposed who were within the area affected by the earthquake, and the injuries from the broken bottles arose out of the employment.

(1) Workmen's Compensation Acts, C. J., p. 121, n. 22. (2) Workmen's Compensation Acts, C. J., p. 77, n. 97.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission awarding compensation for personal injuries. Award affirmed.

The facts are stated in the opinion of the court.

Frank J. Creede for Petitioners.

G. C. Faulkner for Respondents.

THE COURT.—A hearing of this proceeding by this court was granted for the purpose of further considering it in connection with the case of *London Guarantee & Accident Co.* v. *Industrial Acc. Com., ante,* p. 239 [259 Pac. 1096], in which we have this day filed an opinion affirming the award. We are satisfied with the opinion written by Mr. Presiding Justice Works when this proceeding was before the district court of appeal, and we hereby adopt said opinion as the opinion of this court:

"The facts involved in this controversy are shown by a stipulation entered into at a hearing before the Industrial Accident Commission. It was stipulated that one William D. Wilson was in the employ of petitioner Dairy Company as an automobile truck driver, and that, in the course of his employment, 'the employee was injured in the following manner: after having driven his automobile into a garage of the employer to load said automobile with milk, and while he

2.   See 27 Cal. Jur. 371; 28 R. C. L. 806.

was engaged in loading the said automobile with milk from a refrigerator belonging to the employer in said garage, an earthquake occurred, and the brick wall of an adjoining two-story building fell through the roof of said garage causing the employee to receive severe contusions over the spine and left chest posterior with multiple lacerated wounds of his hands and arms from broken glass, the said glass coming from milk bottles which he was loading and had loaded.' As a result of the hearing an award was made allowing compensation to Wilson for the injuries mentioned in the stipulation. Petitioners, after asking for a rehearing before the Commission, and upon the request for a rehearing being denied, applied to this court for the writ of review and the writ issued.

"The sole question presented for our determination is whether Wilson's injuries arose out of his employment. The award was for a small lump sum, payable forthwith. [1] If it be granted for the sake of argument, without deciding, that a part of the injuries were compensable and that the remainder were not, no complaint is made of the failure of respondent Commission to segregate the two parts. Under such circumstances, indeed, we should doubtless be compelled to assume that the Commission allowed compensation only for the compensable injuries. Be that as it may, however, considering alone the fact that there is no objection to a lack of segregation, if any part of the injuries were compensable the award must stand. Consequently, we shall henceforth disregard that rather uncertain portion of the stipulation relating to 'severe contusions over the spine and left chest posterior.' Even with this exclusion the stipulation may not be regarded as a model of certainty. After the exclusion the concord of the parties may be rendered thus: While the employee, after driving his truck into a garage belonging to his employer, was engaged in loading bottled milk upon the truck, taking the bottles from a refrigerator located in the garage and also belonging to the employer, 'an earthquake occurred, and the brick wall of an adjoining two-story building fell through the roof of said garage, causing the employee to receive . . . multiple lacerated wounds of his hands and arms from broken glass, the said glass coming from milk bottles he was loading and had loaded.' In solving the problem here presented we

shall assume that the milk bottles, both those which the employee 'was loading' and those which he 'had loaded,' were broken by the falling brick wall and not by improper handing by the employee, or by any other means. We shall also assume that the brick wall fell because of the earth-quake shock. These assumptions embody our understanding of the import of the stipulation and they remove its prin-cipal uncertainties.

''The rule which is to govern the disposition of this pro-ceeding has been correctly stated, we think, in this language, relating to a claim of compensation because of the death of an employee: 'We believe the reasonable rule to be that if deceased, by reason of his employment, was exposed to a risk of being injured by a storm which was greater than the risk to which the public in that vicinity was subject, or if his employment necessarily accentuated the natural hazard from the storm, which increased hazard contributed to the injury, it was an injury arising out of the employment, although unexpected and unusual.' (*Central Illinois Co.* v. *Industrial Com.,* 291 Ill. 256 [13 A. L. R. 967, 126 N. E. 144].) [2] We think the present proceeding is within the rule stated. Let us ascertain the true situation under the facts before us by the statement of an imagined case. Suppose that Wilson had been in the employ of a merchant engaged in the sale of glassware, his duty having been to make delivery to customers of goods sold by the employer. Suppose that he was engaged in the delivery of a quantity of fragile merchandise of the character mentioned, that he transported it in his truck to the sidewalk curbing in front of the residence of a customer who had bought it, and that then, with a heavily loaded basket on his shoulder, containing the fragile glassware, he started on foot toward the residence of the customer. Suppose further that before he reached his goal an earthquake shock occurred of sufficient intensity to throw him to the ground, thereby causing the glass to break and to cut him severely, he suffering no injury whatever from the fall itself, that is, by his mere contact with the ground. Is there any doubt that under such cir-cumstances Wilson would have been entitled to compensation because of his injuries? The question appears to answer itself. Nor can we see a difference in legal effect between the supposed case and the one actually presented to us. We

think, specifically, that no difference arises merely because milk bottles, as commonly known, are not to a great extent fragile. Although they are fabricated for the purpose of withstanding some considerable degree of rough usage, the fact remains that Wilson was cut—lacerated, in the language of the stipulation—by the fragments into which flew those that he handled. This fact, we think, demonstrates that in the course of Wilson's employment he was subject to risks different from and in addition to those to which other persons were exposed who were within the area affected by the earthquake in question. His injuries from the broken bottle, therefore, arose out of the employment. Within the meaning of the Workmen's Compensation Act, he was injured by the broken glass and not by the earthquake. As bearing upon the question here presented, it is instructive to note the facts upon which compensation was directed in *Central Illinois Co.* v. *Industrial Com., supra.*

"We see nothing to interfere with the conclusion here reached in the cases cited by petitioner, among which are *State* v. *District Court,* 129 Minn. 502 [L. R. A. 1916A, 344, 153 N. W. 119], *Thier* v. *Widdifield,* 210 Mich. 355 [178 N. W. 16], and *Alzina Construction Co.* v. *Industrial Com.,* 309 Ill. 395 [141 N. E. 191]."

Award affirmed.

Rehearing denied.