Howell *v.* Kingston Twp. School District, Appellant.

Argued March 10, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Arthur L. Turner,* for appellant.

*Roger J. Dever,* for appellee.

Opinion by Stadtfeld, J., July 14, 1932:
This is a workmen's compensation case wherein the

Kingston Township School District appeals from the judgment of the lower court, sustaining the findings of fact and conclusions of law of the referee and compensation board, and directing the entry of judgment in accordance therewith in favor of claimant-appellee.

There is no substantial dispute as to the facts. In the year 1930, Z. R. Howell, claimant's deceased husband, was in the employ of the Kingston Township School District, defendant, as the supervising principal of its schools. He was elected by the school directors of Kingston Township in 1928 for the term of three years, beginning from July 1, 1928, and was subject to their direction and control within the limitations of the school code. Under the terms of the written agreement between him and the board, he agreed inter alia, "that he will labor earnestly and diligently to the best of his ability for the improvement and welfare of the said school . . . . . . ."

It appears from the testimony, and was so found by the referee and the board, that in 1930, Mr. Howell was a candidate for the office of superintendent of schools of Luzerne County, the quadrennial election for that office to be held in May, 1930 at the convention of school directors to be held in Harrisburg.

In December, 1929, and January, 1930, he asked for, and obtained from the teachers committee a "two or three days leave of absence" to attend this convention in the interest of his candidacy. Prior to this time, the school board, through its secretary, had been in correspondence with the Department of Education, respecting a question of tuition allowance for nonresident charity pupils. When Mr. Howell undertook to take this trip to Harrisburg, he was instructed by a formal motion of the school board, entered regularly upon its minutes on February 3, 1930, as follows: "Directors Hays and Schooley and Supervising Principal Howell were instructed to take up the matter of

tuition for the wards of Mrs. Elston with the State Department of Education while attending the State directors convention, the papers in connection with this matter being placed in Hay's custody.'' The minute of the school board's action of February 3, 1930 was read and approved by a meeting of the board held March 3, 1930.

On February 4, 1930, Mr. Howell left his home in Trucksville, Luzerne County, driving his own Ford sedan, accompanied by the two directors named, and one Professor Rood, a school director in Lake Township, Luzerne County, en route to Harrisburg to attend the State convention, and to transact the business with the State Department of Education committed to him under the resolution referred to.

Between four and five o'clock P. M. of said date, as Mr. Howell and his party neared the Borough of Northumberland, they overtook a line of seven automobiles going in the same direction. It was snowing at the time, and the windshield, except that portion in front of the driver, which was kept clear by the wiper, was heavily coated with snow. Mr. Howell was driving at the estimated rate of thirty miles an hour. The highway at that particular point was comparatively straight for a considerable distance, and Mr. Howell pulled out to pass the line of moving machines. He had passed three or four automobiles when suddenly an automobile was seen approaching from the opposite direction. Mr. Howell, in order to avoid a collision, put on his brakes, and turned left. At the same time, the driver of the approaching automobile turned right, and before either machine could be brought to a stop, they crashed head on. Mr. Howell was so seriously injured in the accident that he died February 15, 1930. He left as dependents, his widow, Mrs. Z. R. Howell, claimant-appellee, and a minor daughter, Majorie, under the age of sixteen years.

To the claim petition, an answer and supplemental answer were filed, denying that the accident occurred in the course of the employment of the decedent, and averring that the school district had no power to employ a supervising principal for work outside the limits of the school district, and that any such work is casual, and not in the regular course of employment, and also that the accident causing the death was the result of the violation by Z. R. Howell of the provisions of Article X of Section 1008 of the Vehicle Code of Pennsylvania, approved May 1, 1929, which provides that "the driver of a vehicle shall not drive to left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit of overtaking and passing to be made in safety."

After due hearing, the referee made an award in favor of the claimant, holding that at the time of the accident, Mr. Howell was not violating any act of assembly of Pennsylvania, and also that Mr. Howell was in the course of his employment when injured. From this award, the defendant appealed to the Workmen's Compensation Board, which, in an opinion filed, sustained the decision of the referee, and dismissed the appeal. From this decision, the defendant appealed to the court of common pleas of Luzerne County, which, in an opinion by JONES, J., dismissed the exceptions filed by the defendant, and affirmed the findings of the board in awarding compensation to the claimant, and directed judgment should be entered for claimant, from which judgment this appeal has been taken.

The assignments of error are based on the grounds, (1) that at the time of the accident, Mr. Howell was engaged solely upon his own business, and (2) that he

was guilty of a violation of the Vehicle Code of Pennsylvania, as hereinbefore set forth.

These assignments raise the questions of the correctness of the findings of fact and conclusions of law, as found by the referee, and affirmed by the board, and sustained by the court below. The findings of fact, if based on relevant and competent testimony, are binding on the appellate court. We agree with the court below that there was ample testimony to sustain the findings of fact, as also the conclusions of law based thereon.

Mr. Howell, as supervising principal, was the servant and agent of the school board, subject at all times to its supervision and control, and that applied to all activities in connection with the business of the school district, whether in the schoolroom, the district, or anywhere else. Conceding that he had in mind the soliciting of support among the directors in the convention, nevertheless, he was on a specific mission of the school board, and instructed and directed by the board to take up the matter of the tuition of the particular wards of Mrs. Elston with the State Department of Education, and, as stated by the court below, anything he wanted to do on his own behalf necessarily had to be incidental to his specific mission.

Under the Supreme Court ruling in Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340, there is no doubt that the relation of master and servant existed between them. Mr. Howell was required to carry out all orders and directions respecting the education and welfare of the children under the care of the school board, whether these activities were in the schoolrooms or anywhere else. The testimony reveals that the tuition of the wards of Mrs. Elston, referred to in the school board minute of February 3, 1930, was a matter with which the board not only had a right, but an absolute duty to concern itself. We do not believe

that such activities imposed on Mr. Howell took him out of the course of his employment.

As held in Rice v. The School Board of Northampton, 4 Mackey 305, school teachers, if injured in the course of employment, are entitled to the protection of the Workmen's Compensation Act. We believe that the judgment entered in this case is fully sustained by Messer v. Mfrs. Light and Heat Co., 263 Pa. 5, and Haddock v. Edgewater Steel Co., 263 Pa. 120, wherein it was held that if an injury happens an employee while on vacation, it is compensable, if at the time he was charged with any duties for the benefit of his employer.

The assignments of error are therefore overruled, and the judgment of the lower court affirmed. Costs to be paid by appellant.