MORRIS CASWELL'S CASE.

Suffolk. November 14, 1939.— March 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

Injuries sustained by an employee, when the wall of a building in which he was at work in the course of his employment fell upon him due to the violence of a hurricane, arose out of his employment and were compensable under the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

A decree was entered by order of *T. J. Hammond*, J., dismissing the claim.

*S. B. Horovitz*, (*B. A. Petkun & J. H. Klein* with him,) for the claimant.

*W. W. Jump*, for the insurer.

LUMMUS, J. The single member and the reviewing board · awarded compensation for total disability, but the Superior Court dismissed the claim for compensation on the ground that the personal injury received by the employee was not one "arising out of . . . his employment." G. L. (Ter. Ed.) c. 152, § 26. St. 1937, c. 370. *Higgins's Case*, 284 Mass. 345, 347, 348. The employee appealed.

The employee worked as a stitcher for the Adams Slipper Company, in its factory on the fourth and highest story of a brick building which faced southwest on Hammond Street in Worcester. The building was about sixty feet in width, and was built approximately in the form of a square, with sides nearly or quite three hundred feet long. In the center was a large open space used for parking and delivery. The machine at which the employee worked was near a window in the southeast wall of the building, which adjoined a piece of vacant land occupied only by railroad tracks. There was no finding and no evidence that the building was not well and stoutly built.

What happened was almost if not quite unprecedented in this Commonwealth. In the afternoon of September 21, 1938, a tropical storm described as a hurricane fell upon New England. Worcester was in the path of its greatest fury. The wind blew from the southeast, and attained a velocity of more than seventy-five miles an hour. Many church steeples, buildings and trees were blown down, and many buildings were unroofed. The streets were littered with uprooted trees, broken glass and other débris. In the building in question, at about five o'clock in the afternoon, windows were broken in the fourth story, either by the force of the wind or by flying débris, allowing the wind to enter and to lift the roof, loosening the bolts that anchored the roof to the brick wall on the southeast side, and causing the wall on that side to disintegrate and eventually to fall into the fourth story and upon the employee.

The employee contends that because his station was on the exposed side of the building, on the highest story, and close to the roof, the finding of the board was warranted that he was because of his employment exposed in an unusual degree to the danger of personal injury from the hurricane, and consequently that his injury arose out of his employment. It does not appear that the employee was required to remain at work during the hurricane. Many workmen had left the factory, and the remainder, including the employee in question, were preparing to leave. Obviously there was no place of safety. A brick building might well be thought safer than the street.

Where an employee was injured by freezing or sunstroke, dangers more common in this Commonwealth, his right to compensation has been held to depend upon the question whether his employment required exposure, which, because of the nature of his work, the place of his employment, or his inability to stop work, was materially greater or more constant than the exposure to which the ordinary traveller or outdoor worker was subjected. *Shute's Case*, 290 Mass. 393, and cases cited. *Robinson's Case*, 292 Mass. 543. See now St. 1937, c. 370, § 1, amending G. L. (Ter. Ed.) c. 152, § 26. Compare *Ahern* v. *Spier*, 93 Conn. 151, 154. Similar

considerations applied, prior to St. 1927, c. 309, § 3, to an employee whose work required the use of the streets and who was injured by a danger attendant upon travel in the streets. *Cook's Case*, 243 Mass. 572. *Hornby's Case*, 252 Mass. 209. *Colarullo's Case*, 258 Mass. 521. *Higgins's Case*, 284 Mass. 345. *Milliman's Case*, 295 Mass. 451. The right to compensation of an employee injured by lightning has been held in other jurisdictions to depend upon his ability to show that his employment required unusual exposure to that danger. *Madura* v. *New York*, 238 N. Y. 214. *De Luca* v. *Park Commissioners of Hartford,* 94 Conn. 7. *Newman* v. *Industrial Commission of Wisconsin*, 203 Wis. 358. *State* v. *District Court of Ramsey County*, 129 Minn. 502. *American Fuel & Clay Products Co.* v. *Gilbert*, 221 Ala. 44. *Sullivan* v. *Roman Catholic Bishop of Helena,* 103 Mont. 117. *Atlanta* v. *Parks*, 60 Ga. App. 16. But we need not consider whether the finding in the case at bar of unusual exposure to danger from the hurricane was warranted or not.

There is another principle upon which the employee, in our opinion, is entitled to compensation. Unquestionably the injury was received in the course of his employment. The only other requirement is that the injury be one "arising out of" his employment. It need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects. *Thom* v. *Sinclair*, [1917] A. C. 127, 142, 143. An employee who, in the course of his employment, is hurt by contact with something directly connected with his employment, receives a personal injury arising out of his employment, even though the force that caused the contact was not related to his employment. *Thom* v. *Sinclair*, [1917] A. C. 127, 134–136. Lord Atkin, in *Brooker* v. *Thomas Borthwick & Sons (Australasia), Ltd.* [1933] A. C. 669, 677, stated the principle thus: "If a workman is injured by some natural force such as lightning, the heat of the sun, or extreme cold, which in itself has no kind of connection with

employment, he cannot recover unless he can sufficiently associate such injury with his employment. This he can do if he can show that the employment exposed him in a special degree to suffering such an injury. But if he is injured by contact physically with some part of the place where he works, then, apart from questions of his own misconduct, he at once associates the accident with his employment and nothing further need be considered. So that if the roof or walls fall upon him, or he slips upon the premises, there is no need to make further inquiry as to why the accident happened." And on page 679 he adds: "Where a workman is injured by the falling upon him of the premises where he is employed the accident necessarily arises out of the employment."

That principle has been applied in our own decisions, as well as in those of other courts. Compensation has been awarded to an employee who, because of an attack of epilepsy, fell while going down stairs in the course of his work, *Cusick's Case*, 260 Mass. 421; to one who because of disease fell into the machine at which he worked, *Dow's Case*, 231 Mass. 348; to one who, because of illness, fell through a glass partition in a rest room at her place of employment, *Sullivan's Case*, 241 Mass. 9; and see *Belanger's Case*, 274 Mass. 371, and the contention of the insurer in that case.* See also *Holmes's Case*, 267 Mass. 307. In other jurisdictions compensation has been awarded to an employee working in a well built building who was injured by its roof when the roof was crushed by the fall of a wall under construction on the adjoining land of a stranger, *Thom* v. *Sinclair*, [1917] A. C. 127; to one working near an open hatchway and falling into the hold when seized with an epileptic fit, *Wicks* v. *Dowell & Co. Ltd.* [1905] 2 K. B. 225; to one injured by the collapse of a

---

* Cases are distinguishable that hold, where an employee is stricken at his post by a physical ailment, unconnected with his employment, which causes him to fall, and to be hurt by contact with the ground or floor, that his injury does not arise out of his employment. *Cimmino's Case*, 251 Mass. 158. *Rozek's Case*, 294 Mass. 205. Contact with the ground or floor is inevitable in such a fall, unless some other object intervenes, no matter whether the employee is in his place of employment or elsewhere. The fact that he happens to be in his place of employment, and the ground or floor has a passive part in the injury, is deemed not enough to connect the injury with the employment.

building in which he was working, due to an earthquake, *Brooker* v. *Thomas Borthwick & Sons (Australasia), Ltd.* [1933] A. C. 669; to one loading milk bottles in a shed and injured by broken bottles when an earthquake caused the brick wall of an adjoining building to fall through the roof of the shed, *Enterprise Dairy Co.* v. *Industrial Accident Commission,* 202 Cal. 247; to one who, dazed by lightning, fell on the harrow which he was using and was hurt, *Dunnigan* v. *Clinton Falls Nursery Co.* 155 Minn. 286; to one who was hurt when the building in which she was working was demolished by a cyclone, *Scott County School Board* v. *Carter,* 156 Va. 815, *Industrial Commission of Ohio* v. *Hampton,* 123 Ohio St. 500; and to a telephone operator injured by electricity transmitted through the telephone by lightning, *Texas Compensation Ins. Co.* v. *Ellison,* (Tex. Civ. App.) 71 S. W. (2d) 309.

There are decisions denying compensation in similar circumstances, unless special exposure to the danger is shown, but we are unable to follow them. *Abell Chevrolet Co.* v. *Industrial Commission,* 370 Ill. 460; *S. C.* 371 Ill. 76. *Gale* v. *Krug Park Amusement Co.* 114 Neb. 432. *Baker* v. *State Industrial Commission,* 138 Okla. 167. *Stone* v. *Blackmer & Post Pipe Co.* 224 Mo. App. 319. *Rush* v. *Empire Oil & Refining Co.* 140 Kans. 198.

Upon the principle that we have stated and illustrated, the employee is entitled to compensation.

> *Decree dismissing claim reversed.*
> *Decree for employee.*