**Lois C. Kenney v. Rockingham School District et al**

[190 A.2d 702]

January Term, 1963

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 6, 1963

Reargument Denied April 9, 1963

*Ryan, Smith & Carbine* for the claimant.

*Webber, Costello & French* for the defendants.

**Hulburd, C. J.** This is a workmen's compensation case in which the Commissioner of Industrial Relations has certified to us for review the ever-troublesome question of whether or not the claimant was injured by an accident arising out of and in the course of her employment.

As early as 1916, Lord Wrenbury said, "The few and seemingly simple words 'arising out of and in the course of the employment' have been the fruitful (or fruitless) source of a mass of decisions turning upon nice distinctions and supported by refinements so subtle as to leave the mind of the reader in a maze of confusion. From their number counsel can, in most cases, cite what seems to be an authority for resolving in his favor, on whichever side he may be, the question in dispute." *Herbert* v. *Samuel Fox & Co.* (1916) 1 A.C. 405, 419. This thought has been echoed in *Cardillo* v. *Liberty Mut. Ins. Co.*, 330 U. S. 469, 479, 67 S.Ct. 801, 91 L.Ed. 1028 (1947) where the court said, "The statutory phrase 'arising out of and in the course of employment' which appears in most workmen's compensation laws, is deceptively simple and litigiously prolific."

With all this in mind, we turn to the facts of this case as found by the Commissioner of Industrial Relations. The claimant was employed by the defendant district as a teacher of Home Economics, General Science and Family Living in the Bellows Falls High School. While so employed, she decided to enroll in an adult sewing class which was to be held evenings for the general public for those desiring

to take the course. It was to be given in the Bellows Falls High School building and in the same room in which she taught in the daytime. It concerned one of the very subjects that she, herself, had to teach. She signed up as a student in this class at the superintendent's office just as others did, and she paid the same small fee which all were charged. Some of those thus enrolled were mothers of her pupils. She was not required to take the course by her employer, but voluntarily enrolled for the purpose of improving her teaching ability and to become better acquainted with some of the mothers so that she would have a better knowledge of their thoughts and desires with respect to the subject that she was teaching to their children. Following one of the evening sessions of this class, the claimant stayed behind, after the other members had left, to clear off the tables and put the room in order before leaving. Having done this, she proceeded to leave. After closing the door behind her, she started down some steps. They were icy, and she slipped and fell. It was for the injury thus received that the Commissioner of Industrial Relations awarded compensation. He held that "the incident when she slipped while leaving the employer's building was and constituted an accident arising out of and in the course of her employment."

[1] In looking for help on this problem from other decided cases, it is necessary to have an eye for many things, since the nature, conditions, obligations and incidents of the employment all have a bearing on the proper determination of a given case. See *Coswell's Case,* 305 Mass. 500, 502, 26 N.E.2d. 328, 330; and see Workmen's Compensation: Half Century of Developments—Horovitz, in Nebraska Law Review, Vol. 41, p. 17 for tendencies of the courts in present-day workmen's compensation cases. Thus it was said in a case in which a school teacher was claimant, "His accident was subject to a different rule than are accidents of those who work by the hour or day. The duties he owed to his employer were continuous and his compensation reckoned by the year." *Williams* v. *School City of Winchester,* 104 Ind. App. 83, 10 N.E.2d. 314. Accordingly, a case such as *Kneeland* v. *Parker,* 100 Vt. 92, 135 Atl. 8, 48 A.L.R. 1396, involving a teamster, where the accident occurred before the day's work had started, is not applicable to the situation before us. The same can be said of *Bundy* v. *State Highway Dept.,* 102 Vt. 84, 146 Atl. 68.

In *Rothfarb* v. *Camp Awanee, Inc.*, 116 Vt. 172, 178, 71 A.2d 569, this Court stated, "An injury received by an employee while voluntarily engaged in some activity solely for the pleasure, convenience or benefit of himself is not ordinarily compensable as arising out of the employment." But in the same case it was said, "An injury suffered by an employee while performing an act for the mutual benefit of himself and his employer is usually compensable as arising out of and in the course of the employment even though the advantage to the employer is slight."

In addition to the foregoing, it must be kept in mind that this was an injury sustained at the work-situs while the employee was leaving the employer's building after having been in the building for the purpose of doing something of mutual benefit to herself and to her employer.

Compensation has been allowed for injuries sustained while the claimant was not even at the work-situs, but was attending or traveling to and from meetings, conferences and the like. As stated by Schneider, "Where the trip or attendance is one which the employer ordered or directed, or is for the sole benefit of the employer, or is to the mutual advantage of both employer and his employee, compensation may be recovered." Schneider, Workmen's Compensation, Vol. 7, §1665. For example, compensation was awarded where a high school principal received injuries while traveling in response to an invitation from the registrar of the state university to visit the university and confer with freshmen students who had been graduated from his school as part of a plan for preparing the students for university work. His attendance for this purpose was wholly voluntary but it was regarded as incidental to his employment. *Mann* v. *Board of Education*, 266 Mich. 271, 253 N. W. 294. Other cases involving educators in which varied factors play a part are, *Howell* v. *Kingston T. P. School District*, 106 Pa. Super 89, 161 Atl. 559; *Williams* v. *School City, supra; Bower* v. *Indus. Comm.*, 61 Ohio App. 469, 22 N.E.2d 840. In some of the foregoing cases the trip was expressly authorized, at least, for a part of its purpose. However, authorization is not indispensible. A case of this sort, though not pertaining to education, may be found in *Continental Baking Co.* v. *Indus. Comm.*, 222 Wis. 432, 267 N. W. 540.

In any event, it is that much easier to say that the claimant sustained an injury which arose out of and in the course of her em-

ployment where it befalls her on the work-premises of her employer. Looking at the nature, conditions, obligations and incidents of the claimant's employment, we find that she comes well within the rule laid down by 1 Larson, Workmen's Compensation Law, §27 at p. 400, "An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interest, whether or not the employee's own assigned work is thereby furthered, is within the course of employment." We think, here, that the relation of the claimant's voluntary acts to her required duties is such as to warrant the award made by the commissioner.

*Order affirmed.*

## On Motion for Reargument

██ **Hulburd, C. J.** Perhaps two observations should be made in connection with the defendant's motion for reargument filed in this case. First, the commissioner has found that the plaintiff's injury arose out of and in the course of her employment. It is not for us to say whether we would have made the same finding if we were the triers of the fact. The findings of the commissioner and all reasonable inferences drawn therefrom must stand if the evidence fairly and reasonably tends to support them. The weight of the evidence is not for our consideration. If the weight of the evidence seems to a defendant to preponderate in his favor, and the commissioner has decided against him, the defendant's remedy is by appeal to county court pursuant to 21 V.S.A. §670. The award of the commissioner can be rejected here only if his findings and inferences have no support in the evidence. We cannot say that here they were based on evidence of no probative worth or evidence so slight as to be an irrational basis for the result reached. See *Jewell* v. *Olson Construction Co.*, 122 Vt. 434, 436, 75 A.2d 509.

Second, counsel for the defendant has cited a number of cases which he says set forth the established law of this state on this subject. His complaint is that we are not following it precisely. In this he is not altogether wrong. Perhaps the following will serve as a guide to a better understanding of the cases and authorities we have cited.

In *Kneeland* v. *Parker*, 100 Vt. 92, 135 Atl. 8, 48 A.L.R. 1396, one of the cases which the defendant relies upon, we find that the

Court derived its holding, in large part at least, from *In re McNicol,* 215 Mass. 497, 102 N.E. 697, L.R.A. 1916A, 306. However, the Massachusetts court no longer adheres to the rule of the McNicol case. See *Caswell's Case,* 305 Mass. 500, 502, 26 N.E.2d. 328, 330; see also *Baran's Case,* 336 Mass. 342, 145 N.E.2d. 726. The rule now prevailing in Massachusetts is found in *Caswell's Case, supra,* from which we quote: "The only other requirement is that the injury be one 'arising out of' his employment. It need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."

Since the decision in *Caswell's Case,* "court after court has adopted this test, and early errors have been erased." Samuel B. Horovitz, Workmen's Compensation: Half Century of Judicial Developments, Nebraska Law Review, Vol. 41 at page 17. By the test of *Caswell's Case,* we are looking at the employee's employment through a wide-angle lens and not with the restricted focus used in earlier cases. It was in this manner that the employee's activities were examined in this case, and with that in mind, the opinion set forth the substance of the rule in *Caswell's Case,* as the proper criterion to be applied. No doubt a proper understanding of the cases cited is rendered more difficult if they are approached from a strictly static point of view. However, in *Rae* v. *Green Mt. Boys Camp,* 122 Vt. 437, 441, 175 A.2d 800, we made it clear that this jurisdiction does not stand outside all development in workmen's compensation law, and that, when justifiable, its concepts are not to be denied development and expansion.

*Motion to reargue is denied.*