219 So.2d 154 (1969)
Otis A. WIGGINS, Claimant
v.
KNOX GLASS, INC., Employer, and Travelers Insurance Company, Carrier.
No. 45214.
Supreme Court of Mississippi.
February 24, 1969.
*155 Pyles & Tucker, Jackson, for appellant.
Daniel, Coker, Horton & Bell, John B. Clark, Jackson, for appellee.
RODGERS, Justice:
This is a workmen's compensation claim, and it involves the defense that the employee's injury was caused by "an act of God," since the claimant was injured as the result of a tornado.
The claimant, Otis A. Wiggins, filed his claim in the Mississippi Workmen's Compensation Commission against the Knox Glass Corporation, employer, and Travelers Insurance Company, its carrier. After the hearing, the attorney referee entered an order holding that the contention of the defendants that the injury was a result of an act of God was not applicable because of "the increased risk" in which the employee was placed at the time of the storm. The order provided for additional compensation of temporary total disability, and temporary partial disability, together with medical expenses, but it refused the claimant's application for permanent disability based upon loss of wages due to physical disability under the wage-earning laws. The Workmen's Compensation Commission affirmed the order of the attorney referee, and the claimant appealed to the Circuit Court. The employer and its insurance carrier cross-appealed. On appeal, the Circuit Judge of Rankin County found prejudicial error, reversed the order of the Commission, and dismissed the claim. He held that the employee's injury did not "arise out of the employment" but was the result of "an act of God." The employer, its insurance carrier, and the employee, claimant, have all appealed to this Court from the judgment of the Circuit Court. The employer and its insurance carrier contend that the judgment of the Circuit Court is correct; that is to say, the employee was injured as a result of "an act of God." The employee contends that the order of the Commission was proper as to the compensability *156 of the claim, but was not correct as to the amount of compensation due to the claimant, Otis Wiggins.
The circumstances and facts from which this claim originated are as follows: On March 3, 1966, the employee, claimant, was engaged in his work at the Knox Glass Corporation plant near the City of Jackson, Mississippi. He was fifty-six years of age and had been employed by Knox Glass for eighteen years. He had gone to work at 4 P.M. and was working in a truck at the loading dock just outside the warehouse. The electric power went off, the lights went out, and it became dark. The claimant and other workers came out of the trucks they were loading in an effort to find the trouble. The claimant saw a funnel-shaped cloud rapidly approaching from the southwest. At first the claimant thought the cyclone would miss the area where he was located; however, when the funnel struck two large buildings nearby, the employee's foreman suggested that the men should get out of the building and get outside behind a concrete wall about four feet high at a place where the trucks backed up to dock.
The claimant and others had just gotten behind this part of the dock when the force of the cyclone struck the dock. The claimant was struck by some object, causing him to become unconscious. He was seriously injured and remained unconscious for four or five days. He suffered multiple injuries over his body, his right side, arm and head. He remained in the hospital for eight days, and remained at home for two months. He returned to the Baptist Hospital a second time on May 4. He had a fractured right arm, broken ribs, injuries to his head which caused a continuous headache, and a blood clot in his left arm which required vascular surgery. His liver was enlarged due to the trauma and post-traumatic hematoma, and there was excessive scar tissue on the liver. He had very litle grip in his right hand. The attorney referee found as a fact that the claimant was temporarily and totally disabled from March 4, 1966 until June 12, 1966; that he was discharged from medical care on November 4, 1966 "without any permanent disability"; and that he was receiving an average weekly wage of $86 at the time he was injured.

I.
The first question to be determined is whether or not the injury to the appellant, Otis A. Wiggins, was "an act of God" or whether it "arose out of and in the course of his employment." It seems to be a general rule that "injuries sustained by employees as a result of windstorms or tornadoes are not ordinarily compensable where such employees are not, as such, exposed to the risk of such harm to a greater degree than the public generally in the vicinity, but compensation may be had where the injured employee is by reason of his employment specially exposed to injury from such causes." 99 C.J.S. Workmen's Compensation § 250 (1958).
Professor Larson, in 1 Workmen's Compensation Law § 8.00 (1968), points out that there are several tests used by the various courts to determine whether or not an injury arose out of the employee's employment in cases where the injury was the result of exposure to the fury of the elements. One of these tests is sometimes called "actual risk of the particular employment"; for example: where one works in the sun until he has a sunstroke. Another classification is where the injury is directly attributable to an act of God but takes effect through contact with the premises where the employee is working; for example: where the wind blows a wall down upon the employee while he is engaged in his work. Another test is sometimes called the "positional test"; for example: when one in the course of his employment is reasonably required to be at a particular place at a particular time and there meets with an accident growing out of windstorm, lightning, etc.
*157 There are many cases on the foregoing rules gathered in the following textbooks: 71 C.J., Workmen's Compensation, §§ 469-470 (1935); 99 C.J.S. Workmen's Compensation §§ 249-250 (1958); Larson, Workmen's Compensation Law § 8.00-8.43 (1958); Annot., 40 A.L.R. 400-404 (1926); Annot., 83 A.L.R. 234-240 (1933); 58 Am.Jur., Workmen's Compensation, § 260 (1948). We do not discuss the many cases above collected because of the conclusion which we have reached in this case.
This Court has had before it two cases in which employees were killed or injured as a result of lightning and a tornado while they were engaged in work for their employers. In both cases we held that the employee was entitled to compensation.
In the case of Pigford Brothers Construction Company v. Evans, 225 Miss. 411, 83 So.2d 622 (1955), we held that where an employee climbed to an exposed position thirty-one feet above the river in order to put a tarpaulin over the brake drums of the machine on which he was working to keep it dry as part of his duty, and was killed by a flying object carried by a tornado, his injury was compensable as "arising out of and in the course of his employment."
In the case of Jackson v. Bailey, 234 Miss. 697, 107 So.2d 593 (1958), the facts show that an employee was killed by a bolt of lightning while standing by a truck in a rainstorm at a place where he had been told to wait for further instructions by his superintendent. This Court held that the injury was compensable and the Court based its finding largely upon the case of Mixon v. Kalman, 133 N.J.L. 113, 42 A.2d 309 (1945). In that case the Court said:
"`It is common experience that those outdoors generally seek shelter, against both rain and lightning, as a thunderstorm approaches; but here the deceased servant's freedom of action for self-preservation was circumscribed by the conditions of his employment.'" 234 Miss. at 706, 107 So.2d at 596.
Many of the states are moving toward the "positional risk test" as pointed out by Professor Larson in 1 Workmen's Compensation Law § 8.12 (1968).
Our sister state of Louisiana has met the problem by adopting the positional risk test in the case of Harvey v. Caddo De Soto Cotton Oil Company, 199 La. 720, 6 So.2d 747, 751 (1942). In that case the Court said:
"We prefer to place our decision on what we believe to be a sound footing, that is  that the deceased, by reason of his employment, was required to be in a building which fell upon him; that his death was due to the fact that his employment necessitated that he be at the place where the accident occurred * * *."
In Caswell's Case, 305 Mass. 500, 26 N.E.2d 328 (1940), the Supreme Court of Massachusetts had before it a case growing out of a hurricane which swept across New England causing great damage. A wall in the building where the claimant, employee, was working collapsed under the pressure of the wind, injuring the claimant. The Court pointed out that employees who slip and fall, and employees who are injured from other like accidents occurring to them while they are working on the employer's premises, are entitled to compensation for the wages lost. After having discussed the "unusual exposure" doctrine the Court then said:
"There is another principle upon which the employee, in our opinion, is entitled to compensation. Unquestionably, the injury was received in the course of his employment. The only other requirement is that the injury be one `arising out of' his employment. It need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects. [Citing a *158 case] An employee who, in the course of his employment, is hurt by contact with something directly connected with his employment, receives a personal injury arising out of his employment, even though the force that caused the contact was not related to his employment." 26 N.E.2d at 330.
Many cases cited by Professor Larson in 1 Workmen's Compensation Law § 8.30 (1968) sustain the foregoing rule.
After an exhaustive study of all the cases cited by the parties and the various textbooks above mentioned, we have reached the conclusion that instead of making a determination in each case as to whether or not an injured workman is to be compensated under one of the many exceptions to the "act of God" rule, we will recognize an employee's right to compensation for injury as "arising out of" his employment when the employee is injured at the place where he is required to be engaged in the employer's business, and not that of his own, and where the employer's business required the employee to be at the place of the accident at the time it occurred. Of course, this rule does not apply to intentional injuries not arising out of the employment, nor does it apply to the exceptions mentioned in Mississippi Code 1942 Annotated section 6998-04 (1952).
In the case now before the Court we hold that the employee was entitled to compensation as a result of the injury received in the tornado, and that the judgment of the Circuit Court reversing the order of the Workmen's Compensation Commission should be reversed and the order of the Workmen's Compensation Commission allowing compensation should be reinstated and affirmed.

II.
The claimant has challenged the order of the Workmen's Compensation Commission upon the ground that the evidence established permanent disability and loss of wage-earning capacity. The Circuit Judge did not pass upon this point because he determined that there was no liability for the injury; however, this contention has been preserved by the appeal of the claimant. The question of the degree and duration of disability is essentially one of fact. Dillingham Manuf. Co. v. Upton, 252 Miss. 281, 172 So.2d 766 (1965); Dunn, Mississippi Workmen's Compensation § 76 (2d ed. 1967).
The Commission is the trier of facts, and the Supreme Court will not reverse the Commission on its findings of fact if supported by substantial evidence. Childs v. Mississippi Industries for the Blind, 184 So.2d 872 (Miss. 1966); Dunn, Mississippi Workmen's Compensation § 289 (2d ed. 1967). Dunn, in section 77 of his treatise, discusses this problem as follows:
"A disability which is everlasting is, of course, permanent. One which is clearly subject to cure in the ordinary and normally anticipated course of time, as in the case of a fractured bone, is temporary. But there is, within these extremes, an uncertain area wherein each case must find solution upon its own facts by the application of reason.
"Due to the relative nature of the terms used in this field, abstract definitions are of little value and a more concrete guide must, of necessity, await the accumulation of judicial precedents. However, attempts at definition have produced such observations as are noted below.
"In the determination of permanent disability status, the time element is far shorter than perpetual or everlasting and the term permanent is construed as one used for the purpose only of excluding disabilities which are merely temporary. Under this view, the fact that a given disability may or will pass away in a *159 fair period of time, within normal life expectancy, does not rule out a finding of permanent disability, but if the required period for elimination of disability is longer than that which, reasonably considered, is only temporary, the status is permanent within the intent of the Act."
The record includes letters and reports from the doctor showing continued improvement of the claimant, in which they "anticipate no permanent disability regarding the fracture of his right ulna" and "has full use of his arm." There is evidence introduced by the claimant showing that he is unable to do his work, and that he constantly complains of headaches and pain in his arm. The evidence was conflicting and was a question for the Commission to determine. We are of the opinion that there was substantial evidence shown on which to sustain the order of the Workmen's Commission.

III.
The appellant, Wiggins, contends that the Workmen's Compensation Commission erred in failing to hold that he had sustained a substantial loss of wage-earning capacity.
After the accident and injury of the claimant, he earned more than the established average weekly wage before he was injured, and although it is true that it does not necessarily mean that the claimant did not sustain loss of wage-earning capacity, nevertheless, this fact raises a presumption that the wage-earning capacity equals his actual earning. Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So.2d 789 (1953); Port Gibson Veneer & Box Co. v. Brown, 226 Miss. 127, 83 So.2d 757 (1955).
The burden of proof is upon the claimant to establish his loss of wage-earning capacity, and the burden is increased when it appears that the claimant's wages have increased since the accident. However, an employee is entitled to some degree of loss where a functional impairment prevents him from performing some of the acts and duties incident to his occupation. See the cases gathered under Dunn, Mississippi Workmen's Compensation § 68 (2d ed. 1967).
The issue as to whether or not an employee sustained a loss of wage-earning capacity is ordinarily a question of fact to be determined by the Commission. 100 C.J.S. Workmen's Compensation § 615 (1958), citing Russell v. Southeastern Utilities Service Company, 230 Miss. 272, 92 So.2d 544 (1957).
A careful review of the evidence in the instant case leads us to the conclusion that the Workmen's Compensation Commission had substantial evidence on which to determine that the claimant did not sustain a loss of wage-earning capacity.
We are of the opinion, therefore, that the Circuit Court was in error in holding that the claimant, Wiggins, was not entitled to compensation, and since we are of the opinion that the order of the Workmen's Compensation Commission was based upon substantial evidence as to the amount of the compensation, we reverse the judgment of the Circuit Court, and affirm the order of the Workmen's Compensation Commission, establishing the claim of Otis A. Wiggins against Knox Glass, Inc., employer, and Travelers Insurance Company, carrier, for temporary total disability for the period stated in the order of the Workmen's Compensation Commission.
Judgment of the Circuit Court reversed; order of the Workmen's Compensation Commission reinstated and affirmed.
GILLESPIE, P.J., annd BRADY, PATTERSON and SMITH, JJ., concur.