ANDREW STRZELECKI, PLAINTIFF-APPELLANT, v. JOHNS-MANVILLE PRODUCTS CORPORATION, DEFENDANT-RESPONDENT.

Argued May 21, 1974—Decided June 25, 1974.

Mr. *Herbert Koransky* argued the cause for the appellant (Mr. *Arthur D. Fialk,* on the brief).

Mr. *Richard H. Thiele, Jr.* argued the cause for the respondent (Messrs. *Wharton, Stewart & Davis,* attorneys).

The opinion of the Court was delivered by

JACOBS, J. The Appellate Division, in an opinion reported at 129 *N. J. Super.* 6 (1974), set aside the Compensation Division's award of dependency benefits under *N. J. S. A.* 34:15–13 to the decedent Andrew Strzelecki's widow and children. We granted certification. 65 *N. J.* 274 (1974).

The decedent was employed by Johns-Manville Products Corporation as an associate financial analyst. In furtherance of his career he had been taking evening courses towards a master's degree in business administration. His department head at Johns-Manville, in recommending approval of his request for tuition aid for a course in business finance, made the following comment: "Course should be helpful to this employee's career at J–M." His employer agreed that, upon successful completion of the course, it would reimburse him for tuition along with student and registration fees.

The business finance course began on June 7, 1971 and was scheduled to end on August 30, 1971. The decedent attended classes two evenings a week at the Rutgers Graduate School of Business in Newark. During evenings when he had no classes he customarily studied at the Rutgers Library in Newark or the Rutgers Library in New Brunswick, the latter being closer to his Manville home. Apparently his classroom hours were somewhere between 6 and 9 P.M. and his hours for library study were between 6 and 8 P.M. The record indicates that he was a serious student and that he

was seriously pursuing his career at Johns-Manville; indeed there was testimony to the effect that his employer was considering a move to Colorado and that he planned in that event to stay with the company and move his family accordingly. He was 27 years of age when on July 1, 1971 he was fatally injured while driving from his home to study at the Rutgers Library in New Brunswick. He had arrived home from the Johns-Manville premises shortly after 5 P.M., and after having had supper, he left for the library. His wife had asked him to pick up some milk and a television switch prior to his return home that evening but the accident occurred on his direct route to the library and there is no suggestion of deviation. See *Rainear v. C. J. Rainear Co., Inc.,* 63 *N. J.* 276, 284 (1973).

A petition seeking dependency benefits was duly filed in the Workmen's Compensation Division and brief hearings, unnecessarily fragmented, were finally completed. The employer did not dispute the facts as set forth but contended that the decedent's accidental death did not arise out of and in the course of his employment within the contemplation of the Act. *N. J. S. A.* 34:15–7. The Compensation Judge rejected this contention in an opinion which pointed out that when the employer encouraged and aided its employee financially in pursuing advanced study, it did so not by way of "gratuity" but "with an anticipated benefit to itself as well as to the decedent." He found that the Rutgers' course and the decedent's participation had become "part of the employment", that "successful completion of the course was the intended benefit both to the decedent and the respondent" and that "the completion of homework was essential to the successful completion of the course." And finally he noted that in choosing the Rutgers Library at New Brunswick for study purposes the decedent sought to benefit himself by completing the course and that "the respondent would certainly share in that benefit."

The Compensation Judge rested his award on the many cases in New Jersey and elsewhere which have allowed com-

pensation for accidental injuries suffered by an employee while engaged in authorized extra-work activities which were mutually beneficial to him and his employer. See *Cuna v. Bd. Fire Com'rs., Avenel,* 42 *N. J.* 292, 305–306 (1964); *Saintsing v. Steinbach Company,* 1 *N. J. Super.* 259, 263–264 (*App. Div.*), *aff'd,* 2 *N. J.* 304 (1949); *Barbarise v. Overlook Hospital Assn.,* 88 *N. J. Super.* 253, 258–261 (*Union Cty. Ct.* 1965); *cf. Love v. N. Y. S. Craig School,* 42 *A. D.* 2d 796, 345 *N. Y. S.* 2d 710 (1973), *aff'd,* 34 *N. Y.* 2d 680, 356 *N. Y. S.* 2d 292, 312 *N. E.* 2d 476 (1974); *Dimmig v. Workmen's Compensation Appeals Board,* 6 *Cal.* 3d 860, 101 *Cal. Rptr.* 105, 495 *P.* 2d 433 (1972); *Kenney v. Rockingham School District,* 123 *Vt.* 344, 190 *A.* 2d 702 (1963); 1 *Larson, Workmen's Compensation Law* § 27.00; § 27.31; § 27.32 (1972). In setting aside the Compensation Judge's award to the decedent's widow and children the Appellate Division took the rather narrow position that while the aforecited "mutual benefit" doctrine might be applied if the accident had occurred while the decedent was going to class, it could not be applied here since the accident occurred while he was going to the library to study and "the situs of his studies was his personal choice."

In *Tocci v. Tessler & Weiss, Inc.,* 28 *N. J.* 582 (1959), we held that an employee who was injured during a lunchtime softball game at the employer's premises was entitled to compensation. We stressed the acknowledged liberal intendment of the Workmen's Compensation Act and pointed out that the employer's encouragement of the recreational activity bespoke its relation to the employment. 28 *N. J.* at 586, 593–594. In *Complitano v. Steel & Alloy Tank Co.,* 34 *N. J.* 300 (1961), compensation was allowed though the injury occurred during a softball game conducted after working hours away from the employer's premises; it was an industrial league game and the employer had paid the entrance fee and had defrayed the cost of the uniforms and other equipment. In *Cuna, supra,* Justice Schettino noted that "[t]he rationale behind the allowance of recovery in

*Complitano* was the 'mutual benefit doctrine' " and that "[t]hat rule allows compensation where the employer as well as the employee receives benefits from the recreational activity." 42 *N. J.* at 305. In *Ricciardi v. Damar Products Co.,* 45 *N. J.* 54 (1965), compensation was allowed where the employee was injured while returning from a company-sponsored picnic away from the employment premises. Chief Justice Weintraub observed that "the controlling doctrine is expounded in *Complitano"* and held that the employee came within the special errand exception to the "going and coming" rule. 45 *N. J.* at 61–62; see *White v. Atlantic City Press,* 64 *N. J.* 128, 134 (1973); *Hornyak v. The Great Atlantic & Pacific Tea Co.,* 63 *N. J.* 99, 103–104 (1973); *Hammond v. The Great Atlantic & Pacific Tea Co.,* 56 *N. J.* 7, 11–12 (1970); *Moosebrugger v. Prospect Presbyterian Church,* 12 *N. J.* 212, 216–218 (1953) (dissenting opinion).

In *Dimmig v. Workmen's Compensation Appeals Board, supra,* 6 *Cal. 3d* 860, 101 *Cal. Rptr.* 105, 495 *P. 2d* 433, the employee had been hired as a contracts administrator by the Memorex Corporation. Memorex encouraged its employees to attend college in order that they might perform their duties more effectively; it reimbursed employees for all of their expenses for courses directly related to their jobs and for fifty per cent of their expenses for courses not directly so related. The employee was returning from a night class at a college, where he was pursuing courses towards a bachelor's degree in economics, when he was fatally injured in an automobile accident. The California Supreme Court held that his widow and children were entitled to dependency benefits under California's workmen's compensation statute. The court, after pointing to the benefits to the employer and its reimbursement practices, found that the employee's class attendance was incidental to his employment and that his accident was in the course thereof. It also found that his travel to and from school came within one or more of the many exceptions to the going and coming rule. 495 *P. 2d* at 437–439.

In *Kenney v. Rockingham School District, supra,* 123 *Vt.* 344, 190 *A. 2d* 702, a home economics teacher voluntarily enrolled in an adult sewing class conducted evenings in the school building where she was employed. While leaving the building one evening after class she was accidentally injured and sought compensation. The Vermont Supreme Court held in her favor, pointing out that she was in the building "for the purpose of doing something of mutual benefit to herself and her employer" and that the Commissioner of Industrial Relations had reasonably determined that her injury arose out of and in the course of her employment. 190 *A. 2d* at 704. In *Love v. N. Y. S. Craig School, supra,* 42 *A. D. 2d* 796, 345 *N. Y. S. 2d* 710, *aff'd,* 34 *N. Y. 2d* 680, 356 *N. Y. S. 2d* 292, 312 *N. E. 2d* 476, an attendant in a State Hospital was injured in an automobile accident while driving to a practical nursing school at a time when she was on a paid educational leave of absence from her job. Her leave of absence was contingent upon her maintaining a grade level specified by her employer who had encouraged participation in the leave program which was designed to benefit not only the employee but also the employer. The New York courts, upholding compensation, found that her injury occurred during the course of her employment and that she came within the special errand exception to the going and coming rule. 345 *N. Y. S. 2d* at 712–713; see *Ricciardi v. Damar Products Co., supra,* 45 *N. J.* at 61; *Binet v. Ocean Gate Bd. of Education,* 90 *N. J. Super.* 571, 573 (*App. Div.*), certif. denied, 47 *N. J.* 243 (1966); *cf. Bump v. Central Sch. Dist. No. 3, Montrose,* 40 *A. D. 2d* 243, 338 *N. Y. S. 2d* 998 (1972).

In the light of all of the foregoing we are satisfied that the Compensation Judge properly awarded dependency benefits to the decedent's widow and children and that the Appellate Division erred in setting his action aside. The course in business finance was directly related to the decedent's employment and his taking of it was designed to benefit not only him but his employer as well. His employer was

fully aware of this when it furnished encouragement and financial assistance. It was also fully aware that the successful taking of the course entailed not only classroom attendance but nonclassroom study as well. The employee's choice of the Rutgers Libraries at Newark and New Brunswick for study was not only a reasonable one but was well within the contemplation of both parties involved in the employee's taking of the course and the employer's encouragement and reimbursement agreement. In the circumstances, the course at Newark and the study trips to Newark and New Brunswick in connection therewith may fairly be viewed as incidental to the employment and as part thereof. And well within the just principles enunciated in the cited cases, the fatal injuries suffered by the decedent in the accident on his way to the Rutgers Library in New Brunswick may fairly be viewed as having arisen out of and in the course of his employment within the broad remedial goals of the Workmen's Compensation Act.

The employer complains about the fee awarded by the Compensation Judge to counsel for the decedent's widow and children, namely, $8,000 of which $5,000 was to be paid by the employer. The Appellate Division cancelled the counsel fee when it set aside the compensation award. The fee was well within the statutory maximum prescribed by *N. J. S. A.* 34:15–64 (see *Fletcher v. Ehrlich,* 122 *N. J. Super.* 382, 386 (*App. Div.* 1973) ; *Raves v. County of Middlesex-Roosevelt Hospital,* 102 *N. J. Super.* 179, 185–186 (*Middlesex Cty. Ct.* 1968) ) but considering the nature and extent of the legal services actually rendered (*Del Peso v. H. A. Bar and Restaurant Co., Inc.,* 75 *N. J. Super.* 108, 122–123 (*App. Div.*), certif. denied, 38 *N. J.* 309 (1962) ) it seems to us to have been a rather generous exercise of the Compensation Judge's discretionary power. Though the fee will not now be disturbed as abusive (*Detlefs v. Town of Westfield,* 104 *N. J. Super.* 447, 455 (*App. Div.* 1969)), our expressed view will

appropriately affect any application for further fees because of the appellate proceedings.

The judgment of the Appellate Division is Reversed and the Compensation Division's award is in all respects reinstated.

CLIFFORD, J. (dissenting). I would affirm the judgment of the Appellate Division reversing the award of dependency benefits substantially for the reasons set forth in its opinion. I make some additional observations.

I find no support either in the record or in logic for the Court's conclusion that decedent's "choice of the Rutgers Libraries at Newark and New Brunswick for study was * * * well within the contemplation of both parties involved in the employee's taking of the course and the employer's encouragement and reimbursement agreement * * *." Neither equipment nor books housed in any library were required or resorted to by decedent for his study purposes. His choice of a library was, I submit, purely a matter of his own personal convenience, just as it would have been had he selected a quiet cottage at the beach, a friend's apartment, or, for a weekend of intensive study, a place in the more distant Poconos. By the same token the place of study and manner thereof were matters of complete indifference to the employer.

I look upon decedent's activity at the time of the accident as an essentially personal one. The relationship between it and his employment was entirely too tenuous to permit the conclusion that the accident in question arose in the course thereof.

*For reversal*—Chief Justice HUGHES and Justices JACOBS, MOUNTAIN, SULLIVAN and PASHMAN—5.

*For affirmance*—Justice CLIFFORD—1.